## ALFRED BODIN *v.* H. McCLOSKEY.

An adjudication made by an auctioneer not in accordance with the instructions of the owner is null
and void, both as to the owner and purchaser, the latter, however, being entitled to his recourse
against the auctioneer.
C. C., 2415, 2966, 2964, 2979, 2982.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*Price & Denegre*, for plaintiff.    *H. H. Strawbridge*, for defendant and appellant.

VOORHIES, J.    This is a suit to set aside an adjudication, on the ground that it was not made by the auctioneer in accordance with the written instructions of the plaintiff, as follows, to wit:

"A certain property situated on St. John street, between Perdido and Poydras, having (French measure) 30 feet front on St. John street, by 120 in depth, with all the improvements thereon, consisting in a wooden house, kitchen, etc. This property is rented at $14 per month. The only incumbrance existing thereon is the enjoyment and occupation for life of a room in said house in favor of an old woman 78 years of age. Terms: the purchaser to assume payment of a note of $700, due 15th–18th May, 1852, bearing mortgage on said property; balance cash.                    (Signed,)                    ALFRED BODIN."

The advertisement for the sale of the property by the auctioneer is silent as to the existence of this right of use and habitation in favor of the old woman. The certificate of the auctioneer shows that the omission to make mention of it in the advertisement was in consequence of the inadvertance of his clerk.

The defendant, it would seem, rests his defence chiefly on the ground that the plaintiff was bound, under the advertisement and adjudication to convey the property to him. We are unable to give our assent to this proposition. We do not consider the adjudication as binding on the plaintiff in the absence of the reservation contained in his instructions to the auctioneer.

It was evidently the duty of the auctioneer to have given notice of the incumbrance, and make the adjudication of the property with reference to it. Every transfer of immovable property or slaves must be in writing. In cases of mandate, as in the present case, the power must be express to alienate immovable property, and must besides be in writing. Therefore it is clear that the only power conferred on the auctioneer to sell the property in this case, must be sought in the plaintiff's written instructions to him; and it is equally clear that the adjudication, unless made in accordance with those instructions, must be considered as null and void, not only as to the plaintiff, but as to the defendant, the latter being entitled to his recourse against the auctioneer. C. C., 2415, 2966, 2964, 2979, 2982.

It is, therefore, decreed, that the judgment of the court below be affirmed, with costs.