(113 So. 156)

No. 26541.

## CHARNLEY v. EDENBORN.

March 28, 1927. Rehearing Denied May 23, 1927.

*(Syllabus by Editorial Staff.)*

**1. Deeds ⚖️112(2)—Sales; attached plat held to show that only half of tract was conveyed by deed referring to act of sale to grantor of entire tract.**

Attached plat showing line dividing 13⅓-acre tract into two halves and designating upper half, contained within shaded lines, as containing 5.74 acres, *held* to show that only such half, not entire tract, was conveyed by deed containing general description by bounds and referring to act of sale to grantor, giving area as 13⅓ acres; especially in view of clause in deed, "containing five and 28/100 acres, per plat attached."

**2. Pleading ⚖️228—Allegations in petition must be accepted as facts on exception of no cause of action.**

Allegations in petition must be accepted as facts of case in disposing of exception of no cause of action.

**3. Reformation of instruments ⚖️29—Grantee's president, furnished copy of plat, referred to in deed incorrectly describing land, was not innocent purchaser (Act No. 38 of 1908).**

Railway company's president, furnished copy of plat, referred to in deed, by description in which he acquired land from company's successor, of which he was also president at time, was not innocent purchaser on faith of public records, and cannot invoke rule that errors in description of realty cannot be corrected to prejudice of third persons, acquiring right to property in good faith, as defense to original grantor's action, under Act No. 38 of 1908 to establish title to portion of tract not conveyed.

**4. Deeds ⚖️112(2)—Vendor and purchaser ⚖️230(2)—Sales; plat referred to in act of sale need not be appended nor recorded to put third persons on notice.**

Reference to plat or plan in act of sale makes it as much a part thereof as if appended thereto and obviates necessity of recording plat to put third persons on notice.

**5. Quieting title ⚖️10(2)—One conveying portion of tract, acquired by recorded notarial act referred to in deed, had recorded title authorizing action to establish title to remainder (Act No. 38 of 1908).**

One conveying land, described as "all that portion of the tract of land acquired by this vendor * * * by notarial act * * * recorded in * * * records of Rapides Parish * * * and containing five and 28/100 acres, per plat attached," *held* to have such recorded title to land not conveyed as to furnish sufficient basis for action under Act No. 38 of 1908 to establish title, though plat correcting misdescriptions in deed was not recorded or annexed to deed.

St. Paul, J., dissenting.

Appeal from Ninth Judicial District Court, Parish of Rapides; Leven L. Hooe, Judge.

Action by John T. Charnley, on whose death Mrs. Eva L. Charnley and another were substituted as parties plaintiff, against William Edenborn, on whose death Mrs. Sarah Edenborn was made party defendant. From a judgment sustaining defendant's exception to the petition as not disclosing a cause of action, plaintiff appeals. Reversed, and exception overruled, with directions.

Blackman & Overton, of Alexandria, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, and Peterman, Dear & Peterman, of Alexandria, for appellee.

LAND, J. Plaintiff has brought the present suit to be decreed the owner of the lower or southeastern half of all that portion of section 19, township 4 north, range 1 west, lying northeast of the right of way of the Louisiana Railway & Navigation Company,

containing 6.20 acres, and more particularly described in plaintiff's petition.

This property is located in the parish of Rapides, and is a part of a tract of land acquired by plaintiff from Iddo W. Ball in the year 1894, which is described as follows, to wit:

"A certain piece or parcel of land, lying and being in the parish of Rapides and state of Louisiana, and being a part of the Ignus Magus tract, a part of section 19, bounded above by the lands of Louis Abadie, below by lands of Mary H. Goodwin, in front by lands of Church Hooper, and in the rear by lands of E. J. Barrett, and containing thirteen and one-third acres."

In the year 1900 plaintiff sold to the Shreveport, & Red River Valley Railway Company nine-tenths of an acre, or a strip 150 feet in width, off of the front of this tract, as a right of way.

In the year 1902 plaintiff conveyed to said railway company another portion of this 13-acre tract, described in the act as follows, to wit:

"A certain piece or tract of land being, lying and situated in the parish of Rapides and state of Louisiana, and being part of the Ignus Magus tract, a part of section 19, T. 4 N., R. 1 west, bounded above by lands belonging to the estate of Louis Abadie, below by lands of Mary H. Goodwin, in front or southwest by the Shreveport & Red River Valley Railway Company and in rear or northeast by lands of E. J. Barrett and being all that portion of the tract of land acquired by this vendor (John T. Charnley) from Iddo W. Ball by notarial act passed before J. T. Statham, notary public, 29th December 1894, and recorded in Conveyance Book U, pp. 395 et seq., records of Rapides Parish, La., which lies on the northeast side of the Shreveport & Red River Valley Ry. and containing five and 28/100 acres, per plat attached and paraphed 'ne varietur' to identify the same with these presents."

In the year 1907 the Louisiana Railway & Navigation Company, the successor of the Shreveport & Red River Valley Railway Company, deeded to the defendant, William Edenborn, this tract of land by the same description set forth in the act of sale from plaintiff to the Shreveport & Red River Valley Railway Company in the year 1902.

Plaintiff alleges that these various deeds contain the following inaccuracies in description to wit:

1. That according to the plat originally annexed to the act of transfer from plaintiff to the Shreveport & Red River Valley Railway Company, but subsequently detached and lost or mislaid, the tract contained 5.74 acres, instead of 5.28 acres.

2. That said acts of sale incorrectly describe the land conveyed as being bounded "below by lands of Mary H. Goodwin," and as "being all that portion of the tract of land acquired by petitioner from the said Iddo W. Ball lying on northeast side of the Shreveport & Red River Valley Railroad."

Plaintiff alleges that the plat attached to the deed from him to the Shreveport & Red River Valley Railway Company designated only the 5.74-acre tract, or the upper half of the 13-acre tract, as the specific property to be sold, and was shown to be located within shaded lines, and that according to said plat the total area of the tract is 13.04 acres.

Plaintiff alleges that defendant is claiming to own the entire 13-acre tract, both the half that plaintiff sold and the half that plaintiff did not sell; that neither plaintiff nor defendant is in actual possession of the particular tract made the object of this suit; and that plaintiff therefore institutes his action under Act 38 of 1908 to have the title to the property in dispute adjudicated by the court.

Defendant excepted to plaintiff's petition on the ground that it failed to disclose a right and cause of action under Act 38 of 1908.

The exception was maintained in the court below, and plaintiff has appealed.

Under Act 38 of 1908 the action to establish title to real estate may be resorted to where none of the parties is in actual possession of the land claimed, and where two or

more persons lay claim to land by recorded title.

[1] There is a clear variance between the description in the deed and the plat as to the acreage to be conveyed by plaintiff to the Shreveport & Red River Valley Railway Company, if the description is considered merely upon the face of the deed, and without examination of the plat.

Taking the general description in the deed, the sale is per aversionem, and the acreage to be conveyed consists of 13 acres and a fraction, although the area is not specifically mentioned in the deed. This acreage appears only by reference in the deed to the act of sale from Iddo W. Ball to plaintiff as identifying the property to be conveyed, and in which the area is given as 13⅓ acres.

This general description by bounds, in the deed from plaintiff to the railway company, is limited, however, by the particular description immediately following, "and containing five and 28/100 acres, per plat attached and paraphed 'ne varietur' to identify the same with these presents."

In our opinion the plat must control. While the aggregate acreage is stated in the legend to the plat to be 13.04 acres, yet this plat shows a division line between the upper and lower half of the entire tract, dividing the property into two halves. The area of the upper half is designated on the plat as containing 5.74 acres, and is shown to be contained within shaded lines.

A plat of this kind would have been wholly unnecessary, had the intention of the parties been to have made a sale per aversionem of the whole 13-acre tract, as the general description in the deed would have been amply sufficient for such purpose.

Not only does the plat show upon its face the particular tract of 5.28 acres segregated from the main tract and confined within shaded lines, but the aggregate acreage specifically declared in the deed to be conveyed is 5.28, and corresponds, except in a negligible degree, with the acreage of the platted upper half of the 13-acre tract.

[2] That the intention of plaintiff was to sell, and of the railway company to buy, only this 5.74-acre tract is clearly shown by the following allegations in the petition, which we must accept as the facts of the case, in disposing of the exception of no cause of action:

The Shreveport & Red River Valley Railway Company, the vendee of plaintiff, acting through its agent, Poindexter Dunn, caused the plat and survey attached to the deed to be made, and said company was represented by said agent in the negotiations with plaintiff for the purchase of the 5.74 tract.

The portion of the 13-acre tract to be sold was embraced within the shaded lines on the plat, being the northwest half of section 19, lying northeast of the railroad, and the plat representing the portion so to be conveyed was presented to plaintiff prior to the act of sale, which was prepared at the request of the railway company.

At the time the survey and plat were made, the defendant, William Edenborn, was president, a director, and the main stockholder of the Shreveport & Red River Valley Railway Company, the vendee of plaintiff, and was furnished with a copy of the plat and survey. Defendant was also the president, a director, and the main stockholder of the Louisiana Railway & Navigation Company, the successor of the Shreveport & Red River Valley Railway Company, at the time he purchased this property, and acquired the same from the Louisiana Railway & Navigation Company by the same description contained in the deed from plaintiff to the Shreveport & Red River Valley Railway Company.

Plaintiff also was furnished with a copy of the plat and survey originally annexed to the deed from him to the Shreveport & Red River Valley Railway Company. The original plat

became detached from the deed and was lost or mislaid, and plaintiff's copy is annexed to his petition in the present case.

[3] Under this state of facts, the defendant cannot shield himself as an innocent third person, purchasing upon the faith of the public records, against the present action of plaintiff to establish title to the lower or southeast half of section 19, lying northeast of the railroad's right of way.

As defendant was fully informed at the time as to the misdescription by which he purchased this property, he cannot be permitted to invoke, as a protection to his title, the general rule that errors in description of real estate cannot be corrected to the prejudice of third persons acting in good faith and acquiring rights with respect to property erroneously described. Waller v. Colvin et al., 151 La. 765, 92 So. 328; Adams et al. v. Drews et al., 110 La. 456, 34 So. 602.

[4] In order to put a third person on notice, it is not necessary that the plat be either recorded or annexed to the deed. The reference to a plat or plan in an act of sale makes the plat or plan as much a part of the act as if appended to it. Buisson v. McNeil, 9 La. Ann. 445.

Defendant was not only put upon notice by the reference to the plat in the deed from plaintiff to the Shreveport & Red River Valley Railway Company, but, under the facts alleged, actually knew that plaintiff had sold only the upper half of the property.

[5] Under the facts of the case, it is our opinion that plaintiff has such a recorded title as to furnish a sufficient basis for his action to establish title under Act 38 of 1908.

The exception of no cause of action is not well founded, and should have been overruled.

Plaintiff and defendant have both died since the institution of the present suit. Mrs. Sarah Edenborn, as the widow and sole heir of the defendant, William Edenborn, has been made a party defendant, and Mrs. Eva L. Charnley, the surviving spouse, and Miss Enola Charnley, the sole and only heir of John T. Charnley, plaintiff, have been substituted as parties plaintiff.

The judgment appealed from is annulled and reversed.

It is now ordered that the exception of no right and cause of action be overruled, that plaintiff's suit be reinstated upon the docket of the lower court, and that the trial of the case be proceeded with in due course.

OVERTON, J., recused.

ST. PAUL, J., dissents.