162 So.2d 787 (1964)
Harold J. O'REILLY and Dorothy Nick O'Reilly
v.
Mr. and Mrs. Charles J. POCHÉ.
No. 1369.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1964.
*788 Tucker & Schonekas, Russell J. Schonekas, New Orleans, for plaintiffs and appellants.
Joseph F. Blasi, Jr., Carroll D. Van Geffen, New Orleans, for defendants and appellees.
Before McBRIDE, REGAN and CHASEZ, JJ.
REGAN, Judge.
This suit was instituted by Mr. and Mrs. Harold J. O'Reilly to recover the sum of $10,000.00 as indemnification for their alleged eviction from the use and occupancy of part of their real property purchased by them from the defendants, Mr. and Mrs. Charles I. Poché.
In response to the petition, defendants pleaded in defense thereof principally the exceptions of prescription and no cause of action.
From a judgment of the lower court maintaining both exceptions, the plaintiffs have prosecuted this appeal.
*789 In their petition plaintiffs assert that on August 17, 1955, they purchased from the defendants, by virtue of a sale and resale through the Globe Homestead Association, certain real estate designated as:
THAT PORTION OF GROUND, together with all the buildings and improvements thereon and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Third District of the City of New Orleans in Square B of Florida Gardens Subdivision, bounded by Portage Place, Florida Avenue, Frey Place and the eastern line of Florida Gardens, designated by No. 3 on blue print of survey by Adloe Orr, C. E., dated August 15, 1949, revised October 18, 1949, annexed hereto, according to which said lot commences at a distance of 133 feet 10 inches from the corner of Portage Place and Florida Avenue and measures thence 65 feet 10 inches front on Portage Place, same width in the rear, by a depth of 97 feet between equal and parallel lines.
The improvements thereon are designated by Municipal No. 117 Portage Place.
Plaintiffs additionally assert that while they were led to believe that they were acquiring property measuring 65 feet 10 inches in width, by 97 feet in depth, in reality the rear 25 feet thereof was encumbered by a servitude in favor of the Sewerage and Water Board of the City of New Orleans. They further assert that there was an outstanding lease on the land encompassed by the servitude, granted by the Sewerage and Water Board to one Roland L. Brugler. They aver that they were constructively evicted from the aforesaid property by the Sewerage and Water Board, which required them to execute a lease on said property since a garage which forms part of the improvements thereon encroached on the Water Board's servitude.
In considering the validity of the foregoing exceptions, we are simply relegated to the allegations of the petition which reveals that the plaintiffs are endeavoring to recover indemnification for their partial eviction from the property sold to them by the defendants as a result of the Sewerage and Water Board's preservation of its servitude on the rear 25 feet of their property.
It is the general rule that one of the obligations of the seller is to warrant the buyer's peaceful possession against claims of third persons, both as to title to the thing sold and as to charges thereon not declared at the time of the sale.[1] If there is only a partial eviction from the thing sold, the buyer ordinarily cannot claim recission of the sale, but is relegated to an action against the seller for reimbursement of a proportionate amount of the purchase price.[2] Where, as in the present case, the property sold is encumbered by a nonapparent servitude, the buyer has the option of seeking indemnification for the encumbrance on his property or of having the contract canceled, provided the magnitude of the encumbrance is such that it could be fairly presumed that he would not have purchased the property if he had been aware of its existence. In either event, however, the purchaser cannot recover if the servitude was "declared" at the time of the sale.[3]
Defendants' exception of no cause of action is predicated on the theory that the petition per se reveals that the servitude was declared at the time of the sale, and that the plaintiffs had, or should have had, full knowledge thereof at that time. Defendants, in explanation thereof, point out that a survey attached to and made part of the act of sale clearly delineated the servitude and constituted sufficient notice to the plaintiffs *790 to preclude an action by them for indemnification.
It is a well established principle that in giving consideration to an exception of no cause of action, the court must weigh all of the facts alleged in the petition, including the documents incorporated therein by reference. It is therefore clear that since the act of sale from the Globe Homestead Association is made a part of plaintiffs' petition by reference, it must be fully considered by us.
The act of sale contains the usual description of the property sold, but contains no specific reference to the Sewerage and Water Board's servitude. However, the description does refer to a survey map as follows:
"THAT PORTION OF GROUND, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, * * * designated by No. 3 on blue print of survey by Adloe Orr, C. E., dated August 15, 1949, revised October 18, 1949, annexed hereto, * * *." (Emphasis ours.)
The map referred to clearly shows by an appropriate line and verbal designation that the rear 25 feet of the property is subject to a servitude in favor of the Sewerage and Water Board.
Plaintiffs argue that the survey was only binding on them with respect to the linear measurements of the property, and not with respect to a servitude existing thereon. This argument is untenable. It is well settled that when a survey is referred to in a description contained in a real estate conveyance, such survey forms part of the description as if it were actually copied therein.[4]
Quite similar to the present case is the rationale emanating from Werk v. Leland University,[5] wherein the plaintiff endeavored to recover for an alleged shortage in the quantity of the purchased land caused by three streets which were dedicated across the property without his knowledge. The plaintiff was denied recovery by the Supreme Court even though the streets were not specifically referred to in the description contained in the act of sale since they were clearly marked on the survey annexed thereto. The organ for the court terminated the controversy with this significant statement:
"The annexing of the map to the deed, and the reference to it in the description given in the deed, made the map as important a part of the description as if it had been actually copied in the deed. Canal Bank v. Copeland, 6 La. [543] 544; Keay v. New Orleans Canal & Banking Co., 7 La.Ann. 259; Lallande v. Wentz & Pochelu, 18 La.Ann. [289] 290; Gray v. Coco, 113 La. 33, 36 South. 878; Nick v. Bautovich, 119 La. 1039, 44 South. 880. See, also, Cragin v. Powell, 128 U.S. [691] 696, 9 Sup.Ct. [203] 205, 32 L.Ed. [566] 567, viz:
"`It is a well-settled principle that when lands are granted according to an official plat of the survey of such lands, the plat itself, with all its notes, lines, descriptions and landmarks, becomes as much a part of the grant or deed by which they are conveyed, and controls so far as limits are concerned, as if such descriptive features were written out upon the face of the deed or the grant itself.'"
*791 We, therefore, are of the opinion that the defendants' exceptions of no cause of action are valid since the plaintiffs' petition clearly reveals that they possessed notice of the existence of a servitude in favor of the Sewerage and Water Board.
In view of the foregoing conclusions, we pretermit as unnecessary a discussion of the defendants' exception of prescription.
For the foregoing reasons the judgment appealed from affirmed, all costs to be paid by the plaintiffs.
Affirmed.
NOTES
[1] LSA-Civil Code Art. 2501.
[2] LSA-Civil Code Art. 2514.
[3] LSA-Civil Code Art. 2515.
[4] Buisson v. McNeil, 9 La.Ann. 445; Charnley v. Edenborn, 163 La. 945, 113 So. 156; Theriot v. Caffery, 160 La. 72, 106 So. 698. See also Isacks v. Deutsch, La.App., 114 So.2d 746.
[5] 155 La. 971, 99 So. 716.