180 So.2d 81 (1965)
ACTION FINANCE CORPORATION, Plaintiff-Appellant,
v.
Will NICHOLS, Jr., Defendant-Appellee.
No. 10415.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1965.
*82 Harrison & Brown, Shreveport, for appellant.
Sanders, Miller, Downing, Rubin & Kean, Baton Rouge, amicus curiae.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
By this action plaintiff sought to recover judgment for a balance due on a promissory note and recognition of a vendor's lien and chattel mortgage given as security therefor.
A judgment by default was rendered for the balance due on the note, but the demand for recognition of the vendor's lien and chattel mortgage was rejected and, from that portion of the judgment, plaintiff appealed. Defendant made no appearance in the district court; nor has he appeared here.
Written reasons for the judgment were not assigned. However, according to plaintiff's brief, the court concluded, in an oral assignment of reasons for judgment, that the chattel mortgage was invalid because the signature of the maker of the note and mortgage, together with the signatures of the witnesses thereto, were on one page whereas the mortgage provisions were on the reverse side of the sheet of paper on which the instrument was written. Plaintiff's contention is that the mortgage agreement constituted one document.
Reference was made on the face of the instrument to the provisions on the reverse side. For instance, in the heading of the instrument, in bold type, is the designation: "LOUISIANA SALE AND CHATTEL MORTGAGE." On its face, likewise, is the recitation that plaintiff, assignor of the note and mortgage, on a designated date, sold and delivered to defendant a certain-described automobile for a recited cash payment and for a balance on credit, represented by defendant's note payable to the seller in twelve equal, consecutive monthly installments. Following the aforesaid reference to the transaction is the provision that
"The buyer agrees that the terms and conditions on the reverse side hereof are hereby expressly incorporated herein by reference and constitute a part of this contract."
On the reverse of the instrument, in language prominently displayed, is the further provision: "THE FOLLOWING PROVISIONS ARE PART OF THE SALE WITH CHATTEL MORTGAGE SIGNED ON OTHER SIDE BY THE BUYER AND SELLER." Then next follows the provision:
"To secure the note, and all insurance premiums paid or incurred and *83 actual out-of-pocket expenses of collection as set forth below, seller reserves his vendor's lien and in addition buyer specially mortgages the car described on reverse side, with all attachments, equipment, and material now thereon, or which may be hereafter placed thereon, buyer specifically agreeing not to sell, alienate, deteriorate, or encumber the car to the prejudice of this mortgage."
It may be appropriate to first observe that the signatures to an instrument evidence agreement of the parties to be bound by the provisions of the instrument; that a signature consists of both the act of writing one's name and of the intention thereby of finally authenticating the instrument.
Under the circumstances of the instant case, detailed hereinabove, there is no basis for a contention that, by affixing his signature to the instrument, defendant did not do so with the intent and purpose of mortgaging the car to secure the credit portion of the purchase price. In this regard, it may be pointed out that neither the provisions of the statute, with reference to chattel mortgages generally, LSA-R.S. 9:5351 et seq., nor the provisions of the Vehicle Certificate of Title law, with reference to chattel mortgages on motor vehicles, LSA-R.S. 32:701, 32:710, prescribe any particular form for chattel mortgages other than that they be in writing by either notarial or private act, and contain certain specified information relating to the indebtedness and the description and location of the property mortgaged.
We find no requirement in either of the statutes as to the place on the instruments where signatures must be affixed. It appears to us that the position of the signatures on instruments of this character is immaterial and may even be written on another document, where the intent in affixing the signatures is to authenticate the instrument.
Moreover, if it may be said that the recitals on the reverse side of the instrument from that on which the signatures appear constitute a separate document, the jurisprudence is clear that documents may be incorporated in contracts by attachment or reference thereto. Indeed, this practice has been so universal that it has apparently seldom been drawn into question. The rule has been applied to covenants running with land, specifications in building contracts, and various other matters not contained on the face of contracts themselves.
Other writings referred to in an instrument, it has been uniformly held, become a part of the agreement between the parties with the same force and effect as if the provisions had been contained in the basic contract where the parties intended it to have such effect. For instance, in Charnley v. Edenborn, 163 La. 945, 951, 113 So. 156 (1927), the court held that a plat referred to in an act of sale of immovable property which was not attached to the act itself was nevertheless made a part of the act of sale. The court therein stated:
"The reference to a plat or plan in an act of sale makes the plat or plan as much a part of the act as if appended to it. Buisson v. McNeil, 9 La.Ann. 445."
Particulars appearing on a plan are regarded as a part of an authentic act of sale as if fully set forth in it, where the act refers to the plan as a part of the description. Theriot v. Caffery, 160 La. 72, 106 So. 698 (1925). To the same effect was the holding in Delogny's Heirs v. Mercer, 43 La.Ann. 205, 8 So. 903 (1891), wherein a prospectus setting forth the terms of credit and conditions of a sale of real estate referred to in the act of sale were to be read as if incorporated in the act of conveyance itself.
*84 It was held in Werk v. Leland University, 155 La. 971, 975-976, 99 So. 716, 717 (1924), that the annexing of a map to a deed, with reference to the description of the property as recited in the deed, made the map as important a part of the description as if it had been actually copied in the deed itself. In this connection, the court quoted from Cragin v. Powell, 128 U.S. 691, 696, 9 S.Ct. 203, 205, 32 L.Ed. 566, 567:
"It is a well-settled principle that when lands are granted according to an official plat of the survey of such lands, the plat itself, with all of its notes, lines, descriptions and landmarks, becomes as much a part of the grant or deed by which they are conveyed, and controls so far as limits are concerned, as if such descriptive features were written out upon the face of the deed or the grant itself."
Moreover, it was pointed out in the cases cited, supporting the aforesaid principle, that, in the event of conflict between the recitals of the instrument and those of the attached documents, the terms of the attached documents govern and control. See, also, Flanagan v. Elder, 90 So.2d 540, La. App., 2d Cir. 1956; Harper v. Home Indemnity Company, 140 So.2d 653, La.App., 2d Cir. 1962.
If the aforesaid principles were discarded, no act of sale of an immovable could, by reference to an official plat of a subdivision, incorporate the description of the lots sold by reference to the plat; no act of conveyance could impose restrictions by reciting merely that restrictions affecting the property are set forth in some other act. In such event, it would be necessary to read every instrument literally from its four cornersa result which has never obtained in this State.
It may be noted, however, that the form of the act of chattel mortgage in the instant case is not deceptive. No claim is made that the defendant was in any way injured or misled because the provisions were on the reverse side of the sheet of paper from that upon which he placed his signature.
Hence, it can only be concluded that reference in one act to the provisions of extraneous material is generally sufficient to make the terms of such extraneous material a part of the terms of the act itself where such was the intent of the parties. The reference made on the front, or first, page of the instrument to the provisions of the chattel mortgage contained on the reverse side thereof effectively incorporated those provisions in the act as if written on the front, or first, page and followed by the signatures required in its execution. We have been referred to no public policy or rule of law, and we know of none which would be jeopardized by such a result. A contrary result would, however, violate the intentions of the parties to the contract.
For these reasons, we conclude that plaintiff's vendor's lien and chattel mortgage are valid and subsisting, and should be recognized and ordered enforced.
The judgment appealed is therefore amended and recast to read as follows:
It is therefore Ordered, Adjudged, and Decreed there be judgment herein in favor of the plaintiff, Action Finance Corporation, against the defendant, Will Nichols, Jr., for the full sum of $308.81, with 8% per annum interest thereon from January 2, 1965, until paid, together with 25% additional on principal and interest as attorney's fees, and that plaintiff's vendor's lien and chattel mortgage covering one 1954 model Chevrolet 6-cyl. station wagon, Motor No. 0919641F54Z, Serial No. A54S-141660, be, and the same are hereby, recognized and ordered enforced in accordance with law, and that the defendant pay the costs incurred in the lower court; the plaintiff, the cost of this appeal.
Amended and affirmed.