352 So.2d 251 (1977)
J. C. FONTENOT, Plaintiff-Appellant,
v.
Succession of Robert Glen GARLAND, Hasker Garland and Sandra G. Trahan, Defendants-Appellees.
No. 6003.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1977.
On Motion to Correct Original Record Rehearing Denied November 29, 1977.
Writ Refused January 20, 1978.
*252 J. Clyde Fontenot, Ville Platte, C. Brent Coreil, Ville Platte, for plaintiff-appellant.
Preston N. Aucoin, L. O. Fusilier, Ville Platte, for defendants-appellees.
Before CULPEPPER, WATSON and STOKER, JJ.
STOKER, Judge.
This is an appeal from a judgment which denied plaintiff-appellant the relief he sought and granted the relief sought by defendants-appellees as reconvenors. Plaintiff, J. C. Fontenot, refused to comply with a bid for the purchase of real estate made by him at a public auction. Fontenot brought suit to nullify the sale and to be awarded damages. After plaintiff refused to comply with his bid, the property was readvertised and sold for $13,000.00 less than plaintiff's bid at the original sale. As reconvenors, defendants seek to recover the $13,000.00 difference in price plus $1,000.00 as the cost of the resale.
The issues posed in this appeal are as follows:
(1) Were the pleadings filed by the plaintiff enlarged to assert additional grounds for setting aside the sale at auction by reason of the taking of testimony touching on these grounds without objection from opposing counsel?
*253 (2) Where property is sold at public auction following legal advertisement, may the terms of the advertised sale be altered or varied by the auctioneer at the time of sale by a verbal announcement before the assembled bidders?
The property involved in this case was one of several tracts of land or property advertised for sale at public auction through a legal advertisement. Plaintiff bid in the subject property. According to defendants and reconvenors the auctioneers made a verbal announcement just prior to offering the property for sale. The announcement called attention to the fact that there was an outstanding timber deed affecting the property and also the fact that the owners of the property intended to reserve the mineral rights. Plaintiff bid in the property at $33,000.00. Later plaintiff discovered that the property was not suitable for the grazing of cattle which had been his principal objective in seeking to acquire the property. In his petition the plaintiff sought to be relieved from any obligation under the sale on the ground that the advertisement had been misleading, false and deceptive. When the case came to trial plaintiff also relied upon the contention that the timber deed was not made known to bidders and there had been no notice of the intended mineral reservation. There had been no amendment of the plaintiff's petition to allege these additional grounds.
The trial court assigned written reasons for judgment which we quote substantially in full as follows:
The plaintiff brought this action to set aside a "sale at auction" of real estate made to him on May 18, 1974. He alleges that the location and nature of the property advertisement in the newspaper were erroneous, false and deceptive; that he found this out after he had become the adjudicatee at the Public Sale. He also seeks damages for the fraud which was thus perpetrated on him.
The Defendants filed a general denial and a Reconventional Demand. The Reconventional Demand being that the Plaintiff failed to comply with his bid; that he failed and refused to pay the purchase price; that the property had to be re-advertised and re-sold at another and subsequent public sale; that the latter sale, the tract at public auction, brought only TWENTY THOUSAND ($20,000.00) DOLLARS, instead of THIRTY-THREE THOUSAND ($33,000.00) DOLLARS, which had been the bid price of Plaintiff in the first sale. Accordingly, defendants in their Reconventional Demand seek to recover of Plaintiff the sum of THIRTEEN THOUSAND ($13,000.00) DOLLARS, plus expenses of the sale amounting to and additional ONE THOUSAND ($1,000.00) DOLLARS, or a total of FOURTEEN THOUSAND ($14,000.00) DOLLARS.
* * * * * *
Considering all of the evidence presented, the court is convinced that the alleged false advertisements asserted by plaintiff as a reason to annul his bid, were not important or material in his bidding of the property at the public sale. The tract contained 81.11 acres. The judicial advertisement further described it as the West half (W/2) of the Southeast Quarter (SE/4) of Section 5, Township 3 South, Range 1 West, and gave boundaries. There was no falsity or deception. True, there was another ad, in the same newspaper, with large print, purportedly over the signatures of the auctioneers, but not a judicial ad, which stated this same tract above, was "part woodland and part openland", and that it was "one-fourth mile from New Crooked Creek Reservoir". The evidence developed that one of the heirs had caused this large print ad to be in the paper as an eye catcher, in addition to the judicial ad as the law requires.
Plaintiff testified that he read only the large print ad, the night before the sale, and he and a relative decided to go bid in the property the next morning, without going to see it. They intended to borrow the money from the bank, and use the land for cattle grazing. So, sight unseen, *254 they went to the public sale; it involved many tracts and lots. The bidding was "spirited" and Plaintiff became the adjudicatee for THIRTY-THREE THOUSAND ($33,000.00) DOLLARS as the last and highest bid. He signed a slip to that effect, and later decided not to comply with his bid, and refused to pay the price. The defendants filed a rule to make him comply. He excepted to the Rule, alleging summary process was not permitted. This was sustained by the court, and this suit followed.
The alleged causes of nullity were that:
(a) The tract was in fact all woodland;
(b) The tract was more than one-fourth mile from the reservoirnearly a half mile;
(c) The adjudication was made subject to an outstanding timber deed and to a half oil, gas and mineral royalty reservation.[1]
The plaintiff was present at the auction sale; the great preponderance of the evidence is that the auctioneers read and used the judicial ad in crying out the property and it was accurate and not false or erroneous. Further the auctioneers made it plan, prior to the adjudication that the timber deed was still in effect and outstanding until August of that year. That the vendors were reserving half of the mineral royalty at the sale (though this was not advertised). The court is convinced there was no deception practiced by the auctioneers. The bidding was spirited. Crowell Spencer Lumber Company was bidding for the property along with Plaintiff, and he became the last and highest bidder. The court feels that Plaintiff bidded more than the property was worth, and used the technical defense above, to get out of paying the price. His main thrust in the trial, was to get out of paying the bid price by him. He offered no evidence of other damages he claimed in his suit.
The Court believes and holds that Plaintiff is not entitled to the relief prayed for by him, and that defendants are entitled to judgment against Plaintiff on their reconventional demand in the sum of THIRTEEN THOUSAND ($13,000.00) DOLLARS, plus legal interest and costs. Their claim for an additional ONE THOUSAND ($1,000.00) DOLLARS is denied for lack of proof.
We agree with the factual findings of the trial court. The trial court apparently found that the pleadings had been enlarged and we agree with that finding. However, we disagree with the holding of the trial court that the plaintiff must be held to the bid which he made on the defendant's property and that he is liable for damages. Therefore, we reverse.
ENLARGEMENT OF THE PLEADINGS
In the trial court's written opinion quoted above, it listed the causes of nullity upon which the plaintiff relied. However, the plaintiff did not allege in his petition anything at all concerning the failure to advertise the outstanding timber deed or the intention of the sellers to reserve mineral rights. As pleaded plaintiff did not base his action to set aside the auction sale on these two issues. They became so only as the trial of the case progressed. This would lead to the suspicion that the timber deed and the mineral reservation were not serious motivating factors leading the plaintiff to seek to be relieved from his obligation under the auction sale. Nevertheless, lack of initial reliance on these factors when the petition was filed would be immaterial if the petition became enlarged under the familiar and well settled principle that pleadings are enlarged to the extent that matter not pleaded is gone into at trial without objection.
During the trial defendants and reconvenors objected to a question directed to the fact that the legal notice mentioned nothing concerning the timber sales and proposed mineral reservation on the ground that the pleadings did not cover these items. (Tr. 100) Plaintiff's counsel urged
*255 that the pleadings had been enlarged by prior testimony on these subjects without objection. The trial court's ruling was that the testimony be admitted subject to the objection. From his opinion it is clear that the trial court did consider that the pleadings had been enlarged. A reading of the transcript shows that the unpleaded grounds for setting aside the sale had been inquired into without objection prior to the time that the objection was made on behalf of defendants and reconvenors. See Tr. 61 and 65. When the objection to the enlargement of the pleadings was made, it came too late. Therefore, plaintiff was entitled to, and did, base his action on the additional ground that the property was sold at the auction sale on terms not contained in the legal notice of the auction.

EFFECT OF VERBAL ADDITION OF CONDITIONS OF SALE NOT CONTAINED IN LEGAL NOTICE
Plaintiff made no inspection of the property on his own prior to the sale and did not examine the title. Had he done either of these, he would have been informed as to all aspects of the property other than the mineral reservation. As to the mineral reservation, defendants' witnesses, including the auctioneers testified it was clearly announced before the property was offered that it was being sold with the reservation. Plaintiff does not deny such an announcement was made, but only contends he failed to hear it. Despite the fact that the issues concerning the timber deed and the mineral reservation were not pleaded initially, they unquestionably materially affected the value of the property. Although one may argue that failure to plead these matters indicates that they were immaterial in plaintiff's mind at the time he made his bid, they are quite significant grounds upon which plaintiff may seek to void the sale to him made as a result of his bid. They are sufficient in themselves to require that the sale be set aside. Therefore, we need not consider the other questions, whether or not the legal advertisement of the sale and the supplementary advertisement (not legal) were misleading, deceptive, and constituted false advertising.
While we have found no recent cases which consider the question, the jurisprudence we have found indicates that a legal sale at auction may not be made on the basis of amendment or alteration of the legal advertisement through verbal announcement at the time of, or just before, offering the property for sale. Nick v. Bautovich, 119 La. 1039, 44 So. 880 (1907); Porter v. Liddle, 7 Mart., O.S. 23 (1819); Macarty v. The New Orleans Canal and Banking Co., 8 Rob. 102 (1844); Freret v. Meux, 9 Rob. 414 (1845); Nott v. Oakley, 19 La. 18 (1841); Nott v. Bank of New Orleans, 19 La. 22 (1841); Poree v. Bonneval, 6 La.Ann. 386 (1851); Bodin v. McCloskey, 11 La.Ann. 46 (1856); Rochel v. Berwick, 12 La.Ann. 847 (1857) and Maginnis v. Union Oil Company, 47 La.Ann. 1489, 18 So. 459 (1895).
In his reasons for judgment the trial court found that "the auctioneers made it plain, prior to the adjudication the timber deed was still in effect and outstanding until August of that year" and that "the vendors were reserving half of the mineral royalty at the sale (though this was not advertised)." The trial court found that no deception had been practiced by the auctioneers. However, the trial court did not find that the plaintiff had heard the announcements in question. It simply held that the plaintiff was present at the auction sale. There is no proof that plaintiff did hear the announcement. Plaintiff testified that he did not hear the announcement.
In view of the holdings of the jurisprudence cited above, we are of the opinion that once property is advertised for sale at auction, the terms of the sale may not be altered or amended through an announcement made just prior to crying the property. To hold otherwise would lead to uncertainty and confusion in such sales. While there is no evidence of any intentional deception here, to permit auctioneers to make changes in the legal advertisement at the time of offering the property for sale at the auction, would open up auction sales to *256 fraud and misrepresentations. Accordingly, the judgment of the trial court must be reversed. The judgment will be set aside, and judgment is now rendered in favor of plaintiff, J. C. Fontenot, and against defendants rescinding, nullifying and setting aside that certain sale made at public sale in Evangeline Parish on May 18, 1974, to plaintiff of property described as a certain tract of land, situated in Evangeline Parish, Louisiana, being partly woodland, and partly open land, and described as the W½ of SE¼ of Section 5, T-3-S, R-1-W, Louisiana Meridian, bounded North, South and West by Crowell Land and Mineral Corporation, and East by Pardee Lumber Company, and containing 81.11 acres, together with costs of all proceedings in the trial court. Defendants' reconventional demands are rejected and dismissed, costs thereof to be assessed to defendants-reconvenors. The costs of this appeal are assessed to defendants-reconvenors-appellees.
REVERSED AND RENDERED.

On Motion To Correct The Original Record
CULPEPPER, Judge.
After our original decision was rendered in this case on October 17, 1977, the defendants filed a timely application for a new trial and, in connection therewith, a motion to correct the original record. In their motion, defendants allege that through error the court reporter omitted from the record on appeal the opening statements by counsel for the plaintiff and counsel for the defendants. They attach to their motion a copy of these opening statements, certified by the court reporter as being true and correct, and they pray that this omitted portion of the record be considered by the court in deciding defendants' application for a rehearing.
In our decision rendered on October 17, 1977, we held that the pleadings in plaintiff's petition were enlarged by defendants' failure to object to the admission of evidence that the judicial advertisement did not state the property was to be sold subject to the reservation of one-half of the minerals by the vendors and subject to an outstanding timber deed. We then concluded that the verbal announcement of these reservations by the auctioneers at the time of the sale did not correct the lack thereof in the judicial advertisement, and, therefore, under the jurisprudence the sale is null.
Defendants now contend that in his opening statement their counsel did object to the introduction of any evidence regarding the mineral reservation or the timber deed, and, therefore, the pleadings were not enlarged. They have filed the present motion to correct the record to include the opening statements by counsel for plaintiff and for defendants, in order that we may determine whether there was such an objection by defense counsel.
The defendants argue that under LSA-C. C.P. Article 1632 the opening statements by the plaintiff and by the defendant are listed as the first steps in the normal order of a trial. They then argue that under LSA-C. C.P. Article 2128 the content of the record on appeal may be designated by the appellant, but, if no designation is made, as was true in this case, the record shall include all of the proceedings in the trial court. Defendants contend the opening statements are part of the trial proceedings and must be transcribed as part of the record on appeal.
Plaintiff has filed an opposition to the motion to correct the record, contending that the opening statements, as the closing arguments, are merely arguments, not evidence nor testimony, and should not be included in the record on appeal. Plaintiff contends also that defendants' motion to correct the record comes too late, since it was not filed until after our decision was rendered.
We will first consider the question of whether the motion to correct the record was timely filed. LSA-C.C.P. Article 2132 provides for correction of the record on appeal by stipulation of the parties, by the trial court or by order of the appellate *257 court. The last sentence of this article states: "All other questions as to the content and form of the record shall be presented to the appellate court." This is a broad authorization to the appellate court to correct the record when necessary. We find no statute which prohibits the appellate court from ordering correction of the record after its initial decision is rendered. Hence, we conclude defendants' motion is timely.
The next issue is whether the opening statements should normally be recorded and transcribed as part of the record on appeal. LSA-C.C.P. Article 2128 provides in pertinent part that: "The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution." Rule 1, Section 3 of the Uniform Rules of the Courts of Appeal sets forth in detail the form and content normally required of the record on appeal. The opening statements of counsel are not listed as required contents of the record. Hence we conclude the opening statements are not required as part of the record on appeal.
Nevertheless, where issues are raised which require that the opening statements be made a part of the record on appeal in order to enable the appellate court to pass on these issues, the appellate court may, in its discretion, order that the record be supplemented to include the opening statements. We find no statute or jurisprudence to this effect except the general rule that the record on appeal should, if possible, include all matters necessary for a consideration of the questions presented for review. See 4 Am.Jur.2d 862-865, Appeal and Error, Sections 397-399.
In the present case, an issue has been raised on appeal which requires that we review the opening statements. Therefore, we grant the motion and will consider the transcript of the opening statements attached to defendants' motion.
Although, as stated in our original opinion, there were no allegations in plaintiff's petition as to the mineral reservation or the timber deed, plaintiff's counsel referred to these in his opening statement. After listing his alleged grounds for nullity of the sale, he said: "Also, your honor, it has come to our attention in the sale, in the advertisement, there is no mention of any reservation of timber or of minerals and, at the actual sale itself on May 18, there was a reservation in the deed, at the auction, of the mineral reservation and, also, a recognition that the property was being sold subject to a timber deed."
Then, at the very beginning of his opening statement, counsel for the defendant stated: "Now, unfortunately, counsel does not allege what he claims about the timber leases and the mineral reservations; but nevertheless, we can prove that they were announced at the sale, but still, it is not in the pleadings and it would be an enlargement of the pleadings."
The question is whether this constitutes an objection by counsel for the defendant to the admission of any evidence regarding the mineral reservation or the timber deed. We conclude it does not. A close reading of the quoted portion of the statement shows that counsel for the defendants recognized that plaintiff had made no allegations regarding the mineral reservation or the timber deed and that any evidence introduced in this regard would enlarge the pleadings. Nevertheless, defense counsel did not in his opening statement object to such an enlargement of the pleadings. Since there was no objection, the court was not called upon to make a ruling. And, since there was no ruling by the court, the plaintiff was not afforded the right which he would have had to request an amendment to his petition. LSA-C.C.P. Article 1154.
As stated in our original opinion, the record shows that after the trial started witnesses were questioned without objection as to these unpleaded grounds for setting aside the sale. It was not until late in the trial that an objection was finally made by counsel for defendant. By this time, the pleadings had already been enlarged by the implied consent of counsel for defendants. LSA-C.C.P. Article 1154. This implied consent *258 is corroborated by the fact that the trial judge understood this was one of the issues and mentioned it in his reasons for judgment.
We conclude that although the motion to correct the original record must be granted, a consideration of the opening statements reveals there was no objection made by counsel for defendants in his opening statement to the introduction of evidence regarding the mineral reservation or the timber deed. Thus, although we grant the motion to correct the record, we deny the application for a rehearing, as is more fully shown by a notation to this effect on defendants' application for rehearing.
NOTES
[1] These grounds were not asserted in plaintiff's petition for nullification of the sale.