Dear Mr. Day:
In response to your opinion request of recent day, our research reflects no statute which bases the legal efficacy of a signature upon legibility or penmanship. Generally, a "signature" consists of both the act of writing one's name and of the intention thereby of finally authenticating the instrument signed. SeeAction Finance Corp. v. Nichols, 180 So.2d 81 (La.App. 2nd Cir. 1965). A signature may be made for a person by the hand of another, acting in his presence, and at his direction, request, or acquiescence, unless a statute provides otherwise, and has the same validity as though written by the person himself. See Waggoner vs. Grant Parish PoliceJury, 14 So.2d 855 (La. 1943). For instance, where a vendor of immovable property was blind, and the act of sale with mortgage was read to her, a third party's signature on behalf of the vendor was effective to transfer title to an immovable. SeeWhite vs. Batson, 317 So.2d 205 (La.App. 1st Cir. 1975).
The important inquiry to make is the following: what are the requirements of law in regard to the particular transaction (i.e., the execution of a will, the transfer of immovable property, the negotiation of a promissory note). These requirements are equally applicable to those who are sighted and visually impaired.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Mr. Richard N. Day, Ed.D Superintendent Louisiana School for the Visually Impaired P.O. Box 4328 Baton Rouge, La 70821
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL