<div style="text-align:right">KING<br>v.<br>POLICE JURY.</div>

---

## GEORGE W. JOHNSTON *v.* JANE M. COCKE.

The jurisdiction of the Supreme Court is limited by the Constitution and the statutes which have organized the court, and although the parties are willing to waive the objection, the court itself will refuse to entertain an appeal in a case which by law is unappealable.

APPEAL from the District Court of St. Martin, *A. Voorhies, J.*

*DeBlanc & Fusilier*, for plaintiff and appellant. *E. Simon, sr.*, and *E. Simon, jr.*, for defendant.

BUCHANAN, J. The District Court for the 14th Judicial District, sitting in St. Martin, rendered an interlocutory judgment in this cause on the 19th February last, decreeing the provisional keeping of the children of the parties to the defendant. Plaintiff presented a petition for an appeal from this judgment. At the bottom of the petition of appeal was written the following consent of counsel : "These are to certify that it was agreed between us, the undersigned, that there should be an appeal in the case of *George W. Johnston* v. *Jane M. Cocke*, in relation to the provisional keeping of the children born of the marriage ; said appeal to be decided in New Orleans by the Supreme Court.

*March 2d*, 1857.

<div style="margin-left:2em">[Signed]     DeBLANC & FUSILIER, *of Counsel.*<br>   "      EDWARD SIMON, JR., *of Counsel.*"</div>

The following order of court was written below this consent of counsel :

"Let an appeal be granted as prayed for, on appellant giving bond and security in the sum of fifty dollars, said appeal returnable at the Supreme Court sitting at New Orleans, as agreed upon between the parties.

ST. MARTINSVILLE, *March 3d*, 1857.

<div style="margin-left:2em">[Signed]     ALBERT VOORHIES,<br>          *Judge of 14th District.*"</div>

The appeal bond also refers on its face to New Orleans as the place of return of the appeal ; which was accordingly passed upon in that city by this court ; and judgment rendered on the 8th June, 1857, dismissing the appeal, at the cost of appellant.

Immediately upon the decree of the Supreme Court being certified to the District Court of St. Martin, a petition was presented by plaintiff to the District Court for another appeal returnable to Opelousas at the present term. It is this second appeal which is now before us.

The appellee moves the court to reject the appeal, and we do not hesitate in sustaining that motion. We are satisfied that the plaintiff had no right to the present appeal.

If we have rightly understood the argument of the learned counsel of plaintiff, the consent given by him for the return of his first appeal to New Orleans being, by its terms, a consent to have the cause *decided* in New Orleans, did not authorize the appellate court to dispose of the cause in any other manner than by a decision upon its merits ; and the counsel argues that the foundation of the jurisdiction of the Supreme Court in New Orleans in this matter not being the law, but the consent of parties, the court was bound to follow the letter of the consent as plaintiff's counsel understood it in the decision to be rendered ; or otherwise the decision might be treated by the appellant, as it manifestly has been, as a nullity.

We do not thus understand the relations of this tribunal to the parties litigant before it.

Our jurisdiction is an appellate one, limited by the Constitution and the statutes which have organized the court. We cannot recognize any authority in suitors to require us to give judgment upon the merits of a cause which is not within our appellate jurisdiction. And if we indulge the parties to a suit by consenting, upon their joint application, to hear and determine an appeal at a place of session of the court, where it would not be legally triable and determinable without the consent of parties, this will certainly not place the cause upon different and higher ground than those causes which are regularly returnable in the place where such decision is rendered.

Our decision in New Orleans proceeded upon the ground, that the judgment appealed from did not work an irreparable injury ; and was, therefore, unappealable.

It is not correct to style this a decision upon mere matter of form and procedure. It concerned, on the contrary, the jurisdiction, the most vital and essential attribute of the court ; without which we are usurpers and our judgments blank paper : a matter which it is our duty to settle whenever any doubt presents itself, even though both the parties may have overlooked it, or have been willing to waive it.

This appeal is, therefore, rejected, at appellant's costs.