BRUNOT, J.
 

 This is a petitory action. The land involved in the suit is a narrow strip of batture on the left side of Bayou Lafourche, near the village of Donaldsonville, and lying between the water’s edge of the bayou and the public road on the left bank of that stream.
 

 The appeal is by the defendants from a judgment in favor of the plaintiffs as prayed for in the petition.
 

 There is nothing in the record indicative of the area nor value of the land sued for. The petition consists of three paragraphs.-. The first describes the property sued for by-boundaries only; the second relates to the title by which, plaintiff acquired a tract of
 
 *1000
 
 land fronting on Bayou Lafourche, of which the batture involved then formed a part; and, the third alleges that defendants are in unlawful physical possession of said batture under claim of ownership thereof.
 

 The plaintiff merely prays to be decreed the owner of the land and to be entitled to the full and undisturbed possession of it. Each of the defendants,' for answer, alleged title to and ownership of certain described portions of the batture, and pray for the dismissal of plaintiff’s suit and far a decree recognizing their title to and ownership of the portion of said batture fronting their respective properties, and that they be quieted in the possession thereof.
 

 The batture involved has some value, but neither its area or value is ascertainable from the pleadings or the testimony in the record. It is shown by the testimony and by the maps filed that the levee which was formerly located on the bank of the bayou was moved back, a few years before the bayou was closed, about 170 feet, and that there is a public road in close proximity to the left side of the levee and parallel to it. It is therefore shown that the width of the strip of land in dispute is the sum of the width of the public road, the width of the base of the levee, and the distance from the top of the bayou bank to the water level of the. bayou, whatever those distances may be, .plus 170 feet, but there is nothing in the record showing the length of the strip of land sued for or whether or not it is of the same or of varying width throughout its length. On the question of value there is neither allegation nor proof that said land has any value whatever. Under these circumstances defendants have appealed to the wrong court.
 

 This is an ordinary civil case, and in such cases the appellate jurisdiction of this court iS' fixed by section 10 of article 7 of the Constitution. The pertinent part of the section follows:
 

 “It shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest.” etc.
 

 In Johnston v. Cocke, 12 La. Ann. 859, this court held that consent of parties cannot authorize the court to decide a cause not within its appellate jurisdiction; that jurisdiction, whenever questionable, must, as the mqst vital attribute of the court, .be settled, although overlooked or waived by the parties.
 

 When it is manifest that the appellate court has no jurisdiction of a cause, it will notice that fact ex proprio motu, despite the fact that the question has not been raised by either side. State v. Grunewald, 123 La. 527, 49 So. 162; Sennette v. St. Mary’s Parish, 129 La. 728, 56 So. 653.
 

 Under the provisions of section 29, art. 7, of the Constitution, the Court of Appeal, First Circuit, has exclusive appellate jurisdiction of this suit. For these reasons it is ordered that, pursuant to the provisions of Act No. 56 of 1904, as amended by Act No. 19 of 1912, that this case be transferred to the Court of Appeal, First Circuit, sitting at Baton Rouge, within 30 days from the date hereof, otherwise that this appeal be dismissed, and that the cost of this court be paid by appellants.
 

 O’NIELL, C. J., absent, takes no part.