114 So.2d 746 (1959)
Leonard S. ISACKS, Plaintiff-Appellee,
v.
Hermann B. DEUTSCH, Defendant-Appellant.
No. 4874.
Court of Appeal of Louisiana, First Circuit.
September 24, 1959.
*747 Deutsch, Kerrigan & Stiles, Guy W. Smith, New Orleans, Dalton J. Barranger, Frederick S. Ellis, Covington, for appellant.
Philip E. Pfeffer, Covington, for appellee.
ELLIS, Judge.
This is a petitory action, which resulted in a judgment for the plaintiff, involving the ownership of "A certain strip or parcel of land lying along Bayou Rouville in the Parish of St. Tammany, State of Louisiana, reserved from survey of tracts in the North Oaklawn Subdivision as per plan of said North Oaklawn made by A. G. Mundinger, C. E., on June 20th, 1911, which plan of survey is on file and of record in the Clerk's office in St. Tammany Parish, Louisiana, and the said strip of land going the entire length of said subdivision as is delineated on said map and lying between the Bayou Rouville and the tracts numbers as follows: * * * 310 * * * of the said North Oaklawn Subdivision,' which was purchased by the plaintiff by warranty deed on June 18th, 1947." This suit was filed on September 14, 1957.
The defendant has appealed from an adverse judgment and the only issues before this court are based upon the sole prescriptive pleas made as a defense to the suit, viz., that of ten years acquisitive prescription under Article 3478 of the LSA-Civil Code and of thirty years under Article 3499 of the LSA-Civil Code.
The common authors of both plaintiff's and defendant's chain of title were Dodt and Robbert, who laid out the North Oaklawn Subdivision and who had the Mundinger survey thereof made and recorded in 1911. Plaintiff purchased the strip in dispute (along with other remaining property of the subdivision) from Dodt and Robbert Inc. in 1947.
The transfers in defendant's chain of title and descriptions contained therein necessary for a full understanding and decision in this case, in addition to the above, are one from Mrs. Mary Bosworth, who had acquired from Dodt and Robbert on July 11, 1916, to Mrs. Mary Brown, dated July 12, 1926, wherein the following property was transferred:
"All and singular the hereinafter described property situated in what is known as North Oaklawn, in the Parish of St. Tammany, State of Louisiana, according to a survey made by A. G. Mundinger, C. E. dated June 20th, 1911, and which survey is duly *748 registered in C.O.B. 94, folio ___, of the official records of St. Tammany Parish, La., and upon which said plan or survey said property is more fully described as follows, to-wit:
"Two certain tracts of land numbered according to said plan, Nos. Three Hundred and Nine (309) and Three Hundred and Ten (310).
* * * * * *
"Tract No. Three Hundred and Ten (310) fronts on Bayou Rouville on a line running S. 35 degs. 29' 389' measures more or less 189 ft. in width and 1184 ft. on the line dividing it from tract No. 309, and 1131 ft. on the line dividing it from tract No. 311, and is bounded in the rear by the Public Road.
"Being the same property acquired by Mrs. Mary Bosworth from John C. Dodt and Henry J. Robbert as per deed recorded in C.O.B. 67, folio 408 of the official Conveyance Records of St. Tammany Parish, Louisiana."
Next is a deed from Mrs. Margaret Brown to H. Alfred McEnery, dated September 17, 1927, in which the description is exactly the same as in the deed from Mrs. Mary Bosworth to Mrs. Margaret Brown.
Deed from H. Alfred McEnery to Hermann B. Deutsch, dated August 31, 1950, this vendee being the defendant herein, in which the property is described as follows:
"That portion of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in what is known as North Oaklawn, Parish of St. Tammany, Louisiana, which portion of ground is designated as Lot No. 310 according to a survey by A. G. Mundinger, C. E., dated June 20, 1911, which survey is duly registered in COB 94, folio of the records of St. Tammany Parish, and according to a sketch of survey by E. J. Champagne, C. E., dated August 21, 1950, annexed hereto, said portion of ground is bounded in the rear by the public road and has a depth between parallel lines, on the side adjacent to Lot No. 309 of 1330.0 feet, and on the side adjacent to Lot No. 311 of 1224 feet, to the centerline of Bayou Rouville, measuring 189 feet in width in the rear and 201.3 feet, more or less, in width on Bayou Rouville.
"Being a portion of the same property acquired by vendor from Mrs. Margaret Brown by act before Martin H. Manion, Notary Public, in and for the Parish of Orleans, dated September 17th, 1927 recorded in COB 101, folio 229 of the official records of St. Tammany Parish, Louisiana.
"No warranty is granted herein by Vendor as to the following portions of the above transferred property.
"That portion of said above described property which lies west of the surveyed line bearing N 41° 41' E, and East of the centerline of Bayou Rouville, Having a width of 201.3' between equal and parllel lines, all as more fully appears from the annexed blue pring of survey by E. J. Champagne dated August 21, 1950."
Introduced in evidence is a true copy of the plat of North Oaklawn Subdivision which was surveyed by Mundinger, C. E., on June 20, 1911, and the plat made as the result of the survey was filed with the Deputy Clerk of Court and Ex Officio Recorder of St. Tammany Parish on June 29, 1911. A comparison of the lots shown on this map with the descriptions in all of the deeds except that of the defendant shows that the eastern boundary of the lots do not go to Bayou Rouville but leave between said boundaries and the bayou a strip of ground, and particularly in front of Lot 310 with which we are concerned is the strip or parcel of land which the plaintiff purchased from Dodt and Robbert, the dedicators and *749 previous owners of North Oaklawn Subdivision.
It is the defendant's contention that that portion of the description which states "* * * Tract No. 310 fronts on Bayou Rouville * * *" should be given full effect and should control over the map or plat of North Oaklawn Subdivision to which each deed refers and states: "* * and upon which said plat or survey said property is more fully described as follows, to-wit: * * *". There can be no dispute as to the fact that Lot 310, and, in fact, none of the lots, as shown on the map of the subdivision, front within the literal meaning on Bayou Rouville. To give effect to the defendant's contention would be to approve as controlling four words in the descriptions "fronting on Bayou Rouville," rather than the plat of the subdivision of North Oaklawn. While we are of the opinion that the portion of the description to which the defendant wishes to give full force and effect must be considered in connection with the entire description and when done in that manner is not to be taken literally, however, the question posed is whether the map controls or the description, which, taken literally, would be contrary thereto.
The Supreme Court as well as the Courts of Appeal of the State of Louisiana have answered this question in positive and unequivocal language to the effect that in such a case the map or plat controls.
In Gray v. Coco, 113 La. 33, 36 So. 878, 881, the court stated:
"Under these circumstances, the plaintiff cannot recover, because, having purchased only the rights, such as they might be, of the heirs of Gibert, he is in no better position than they, and they are in no better position than would be Gibert, if he were alive, and Gibert could not recover, because in view of the evidence adduced, the doubt as to his intention and that of his vendee, suggested by the difference between the description contained in the act by which he made the sale to defendant's author and that contained in the diagram with reference to which that sale was made and the vendee put in possession, must be resolved in favor of the description as contained in the diagram, and of the vendee. Canal Bank v. Copeland, 6 La. 543; Millikin v. Minnis, 12 La. [539] 546; Kirkpatrick v. McMillen, 14 La. 497; Palangue v. Guesnon, 15 La. 311; Municipality No. 2 v. Palfrey, 7 La.Ann. 497; Buisson v. McNeil, 9 La.Ann. 445; Wurzburger v. Meric, 20 La. Ann. 415; Whitney v. Saloy, 26 La. Ann. [40] 41; Burke v. Wall, 29 La. Ann. [38] 46, 29 Am.Rep. 316; Brown v. Broussard, 43 La.Ann. 962, 9 So. 911; Bryan v. Wisner, 44 La.Ann. 832, 11 So. 290; Gladdish v. Godchaux, 46 La.Ann. 1571, 16 So. 451; Messick v. Mayer, 52 La.Ann. [1161] 1176, 27 So. 815."
Again in Maginnis Land & Improvement Co. v. Marcello, 168 La. 997, 123 So. 653, 654, which was a petitory action and involved pleas of prescription filed by the defendants, the court stated:
"`Plaintiff was the owner of the St. Elizabeth plantation which it acquired on January 23, 1900. They had it surveyed and subdivided into smaller tracts after they bought it and a map, representing the survey was made on April 15, 1902, and was subsequently amended May 23, 1903. The original and amended maps were recorded in the Conveyance Records of this Parish.
"`The defendants' titles are all derived from the plaintiff herein, the original sales all dating back in 1903 before the closing of Bayou Lafourche.
"`All the properties are described as having a front of so many feet on Bayou Lafourche and in each deed also *750 reference is made to the map of Coleman and Malochee of April, 1902. Each tract is identified by the particular letter or initial it bears on the map and the dimensions in the title correspond with those on the map. Some of the deeds contain sketches or abstracts from the map showing the particular tract conveyed in that particular deed.
"`The map itself and the diagrams incorporated in some of the deeds show that each tract fronts on the public road along Bayou Lafourche, and not on Bayou Lafourche itself as recited in the descriptions in the deeds.
"`There evidently then is a discrepancy between the deed and the map or diagram in each case, making the description itself uncertain. In such case, the law governing us is to be found in those decisions which controlled us in the case of South Louisiana Fair Association v. Omer Robert decided in this court a few months ago and recently affirmed by the Court of Appeal, First Circuit, as appears in the reported decision, 3 La.App. [at] page 505.
"`In announcing the conclusion reached by the court in that case, Justice Paul Leche, writer of the opinion says:
"`"There is an apparent conflict between the description construed in connection with the conveyance record and that shown by the lines on the map of survey by Webb in 1917, and the single question involved, is which should control. That question, in our opinion, has passed the stage of uncertainty and is now settled by the decisions in Canal Bank v. Copeland, 6 La. [543] 548; Gray v. Coco, 113 La. 33, 36 So. 878; Perry v. Board of Commissioners, 132 La. (415) 61 So. 511; Werk v. Leland University, 155 La. (971) 99 So. 716. The diagram or map referred to controls the description."
"`That decision, with the authorities cited, makes that point in the present case decisive in favor of the plaintiff.
* * * * * *
"`With that fact in mind, it is evident that this property was the result of alluvial formation, and became susceptible of ownership by the plaintiff in this case, or their authors in title, and, as such, was their property on the dates of the various sales of the original tracts now belonging to the defendants herein. It was not embraced and conveyed in the deeds from which they derive their titles and forms no part thereof.
"`Having reached this conclusion, all acts of possession shown, and admitted to have been exercised by the defendants, cannot avail them under the pleas of prescription filed by them, and they will therefore be overruled.'"
Again in the case of Casso v. Ascension Realty Co., 195 La. 1, 196 So. 1, 5, 130 A.L. R. 636, the Supreme Court reaffirmed and reiterated its holding that the diagram or map is controlling, and held:
"That the diagram or map attached to a deed controls the description has been so repeatedly held by this court that this rule has become a law of property in this State, and cannot be lightly disregarded in this case or any other case. The map controls the worded description.
"We do not agree with the Court of Appeal, First Circuit, 190 So. 198, 201, that `the language itself of the description is clear, and the map is merely an additional aid to the description.'
"Without the attached map to clarify the description, there would be no way of identifying or locating `"All of my (Pittman's) property at Port Barrow" said land consisting principally of lots of ground as per plan of said Town.' (Italics ours.) On the other hand, the worded description may be detailed and accurate but, if there is a direct conflict *751 between the worded description and the map, the map controls the worded description.
"With respect to the map which was actually attached to the compromise act, the Court of Appeal, First Circuit, 192 So. 542, stated in its opinion on rehearing:
"`Further, the map actually offered in evidence (D-1), is not identified with either act of sale or compromise, and though it apparently was attached to one of these acts, it can not be assumed that it is the map referred to by the parties as the Sulakowski map. (Italics ours.)
"`And, under the circumstances, the map offered in evidence should not have been considered by us as interpretative of the language employed by the parties in describing the property involved in the acts of compromise.'
"What more identification with an act does any court want than attaching a map to the act?
"In Werk v. Leland University, 155 La. 971, at page 975, 99 So. 716, [at page] 717, it is said by this court: `The annexing of the map to the deed, and the reference to it in the description given in the deed, made the map as important a part of the description as if it had been actually copied in the deed. Canal Bank v. Copeland, 6 La. (543) 544; Keay v. New Orleans Canal & Banking Co., 7 La.Ann. 259; Lallande v. Wentz & Pochelu, 18 La.Ann. (289) 290; Gray v. Coco, 113 La. 33, 36 So. 878; Nick v. Bautovich, 119 La. 1039, 44 So. 880.'"
Also see Zuelke v. Cambre, La.App., 67 So.2d 310, and Courvelle v. Eckart, La. App., 49 So.2d 658.
While we believe that a reasonable interpretation of the entire description contained in all the deeds other than that of the defendant clearly shows that the strip or parcel of land in dispute was never transferred by plaintiff's vendors or included in any sale to Mrs. Mary Bosworth or by her to Mrs. Margaret Brown and by the latter to McEnery, applying the well-established principle of law that the map or plat of the North Oaklawn Subdivision controls the description, there can be not the least doubt but that the property in dispute was never acquired by the authors in title of the defendant, other than by the common owner who transferred it to the plaintiff.
In view of the fact that the defendant's authors in title, other than the common author, had no title to the disputed strip, it is well settled in our jurisprudence that the possession which Mrs. Bosworth and Mrs. Margaret Brown exercised over the disputed strip (the record shows none) could not be "tacked" as there was no privity or transfer of possession from vendor to vendee in those deeds.
In the case of Emmer v. Rector, 175 La. 82, 143 So. 11, 14, the question of "tacking" was thoroughly discussed and the court held:
"The suit in Sibley v. Pierson [125 La. 478, 51 So. 502] was one in partition instituted by certain heirs of Sibley against certain other of the heirs and the representatives of a party holding undivided interests in the succession through mesne conveyances of the undivided interests therein of particular heirs. The latter pleaded, among others, the prescription of 30 years' acquirendi causa. Under that prescription they claimed the ownership of the whole of a certain tract of land in the possession of their author in title, who, however, only owned and sold a specific undivided interest in the tract. The court held that under that state of facts the prescription was inapplicable. The legal principle announced in the case appears under paragraph 6 of the syllabus as follows, viz.:

*752 "`Where one possesses beyond his title, but sells according to this title, the vendee cannot, for the purposes of the prescription of 30 years, acquirendi causa, tack to his own possession that of his vendor of the property which is not included in the deed by which he acquires; there being no privity (of contract) between him and his vendor with respect to such possession.' (Writer's italics.)
* * * * * *
"The court, in its opinion on rehearing [Harang v. Golden Ranch Land & Drainage Co., 143 La. 982, 79 So. 768], approved the principle enunciated in Sibley v. Pierson, that, unless there was a privity between the possessor and his authors in title, the possession of the latter could not be tacked on to the possession of the former in order to make up the prescriptive period of 30 years. And the court impliedly, if not expressly, approved the converse of the proposition; namely, that, where there was a privity of contract between the possessor and his vendor, the possession of the latter could be tacked on to the possession of the former to make out the statutory period. The court, at page 1019 of 143 La., 79 So. 768, 780, quoted approvingly from I.R.C.L. p. 717, as follows, viz.:
"`Between Whom Privity Exists. Privity denotes merely a succession of relationships to the same thing, whether created by deeds or by other act, or by operation of law. If one by agreement surrenders his possession to another, and the acts of the parties are such that the two possessions actually connect, the latter commencing at or before the former ends, leaving no interval for the constructive possession of the true owner to intervene, such two possessions are blended into one, and the limitation period upon the right of such owner to reclaim the land is thereby continued; indeed that purpose of continuous possession is the continuous ouster of the owner.'"
Also see Ford v. Ford, La.App. 1st Cir., 34 So.2d 301; Finley v. Morgan, La.App. 2nd Cir., 80 So.2d 196, and cases cited therein.
Under the thirty years prescriptive period set forth in Article 3499 of the LSA-Civil Code, the defendant's plea was properly overruled by the District Court. In order for it to even be considered it would be necessary for his possession to be tacked to that of McEnery who transferred the strip in dispute without warranty to the defendant, and also (because McEnery's possession commenced at the earliest on September 17, 1927, or less than thirty years before the present suit was filed) to be able to tack any possession which Mrs. Margaret Brown might have had, which cannot be done because she transferred no title to this property when she sold to McEnery. At this time we will state that there is no possession as owner shown on the part of Mrs. Margaret Brown other than a statement by McEnery that she had planted a pecan orchard which was ten or twelve years old at the time he acquired the property. The district judge comments upon the fact that she only owned the property approximately fourteen months and therefore McEnery was clearly mistaken in this statement. There is no testimony as to any possession by Mrs. Brown of the disputed strip even if it could be tacked.
Counsel for the defendant in his brief, under the head of "Possession and tacking", states:
"It is equally well settled that possession may be tacked by successive possessors, particularly when they are in privity, when the property under possession is marked by visible bounds.9" Under Footnote 9, counsel cites a suit involving an action of boundary, viz., Rock v. Varuso, La. App., 61 So.2d 741. The rule is different in boundary actions as the possession may *753 be tacked where the requirements of the articles of the Civil Code dealing with boundaries and possession to visible boundaries has been shown. This court, in Sattler v. Pellichino, 71 So.2d 689, held that in a petitory action the defendant could plead as a defense the prescription of thirty years under Articles 3499 and 852 of the LSA-Civil Code. We reaffirmed this holding in Collett v. Otis, La.App., 80 So.2d 117. Regardless of whether the possession claimed is under Article 3499 or Article 852, the testimony is totally insufficient to show thirty years possession required as defined in Article 3499 et seq. and/or 852.

Ten years prescription.
Under Article 3479 of the LSA-Civil Code, in order to acquire the right ownership of immovables by the ten year prescription there must be:
(1) Good faith on the part of the purchaser;
(2) A title which shall be legal and sufficient to transfer the property;
(3) Possession during the time required by law, which possession must be accompanied by the incidents hereafter required.
(4) And finally an object which may be acquired by prescription.
We do not believe that the defendant was in good faith in that the plaintiff's title preceded his by more than three years, as plaintiff acquired the property in dispute on the 18th of June, 1947, whereas the defendant acquired the property in dispute on the 31st of August, 1950, and, in addition, the latter had an examination made of the title to the property and is, therefore, chargeable with the knowledge that there was an outstanding title and, further, that Lot 310 did not include the strip of land in dispute as shown by the map of North Oaklawn Subdivision by which he and his authors in title all purchased. While one does not have to examine the title and is not chargeable with defects in such a case, where he does cause the title to be examined, he is then chargeable with the facts revealed by such examination. Regardless of whether bad faith has been proven on the part of the defendant, he did not have possession for ten years as the suit was filed on September 14, 1957 and he acquired in the year 1950. Further, the deed to McEnery from Mrs. Margaret Brown was not translative of the property in dispute. The plea of ten years prescription was properly overruled by the District Court.
For the above and foregoing reasons the judgment of the District Court is affirmed.