225 So.2d 638 (1969)
Mr. and Mrs. William C. HAYWARD, Sr.
v.
Lawrence J. NOEL, Jr., et al.
No. 7728.
Court of Appeal of Louisiana, First Circuit.
July 2, 1969.
Rehearing Denied August 28, 1969.
*639 Gamble & Gamble, by Edward P. Ecuyer, New Orleans, for appellant.
Glynn A. Long, Donaldsonville, for appellees.
Before LOTTINGER, ELLIS, and BAILES, JJ.
ELLIS, Judge.
Plaintiffs, alleging themselves to be the owners of a tract of land in Ascension Parish, bring this suit for damages arising out of an alleged trespass by defendants on the said tract.
The acts of trespass alleged are the cutting of timber and grazing of cattle. Defendants filed a number of exceptions, including the prescription of one year, all of which were referred to the merits of the case. In the answer, defendants claim ownership of the tract, both by title, and by the prescriptions of ten and thirty years, acquirendi causa.
After trial on the merits, the district judge found that the defendants had the better title to the disputed tract, and dismissed plaintiffs' suit. From the judgment of dismissal, plaintiffs have appealed.
Although this is not a petitory action, plaintiffs' right to recover is based on their alleged title to the property. It is undisputed that defendants have been in possession of the disputed property for more than one year. Article 3654 of the Code of Civil Procedure provides:
"When the issue of ownership of immovable property or of a real right is presented in an action for a declaratory judgment, or in a concursus, expropriation, *640 or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right is so presented, the court shall render judgment in favor of the party:
"(1) Who would be entitled to the possession of the immovable property or real right in a possessory action, unless the adverse party makes out his title thereto; * * *"
Plaintiffs must therefore prove their title in order to prevail.
The disputed tract is a strip of batture land lying between the Mississippi River and a public road, on which fronts a parcel of ground known as the Elise Memorial School grounds.
Plaintiffs' title thereto is based on the following reservation contained in a sale of the Elise Plantation by George B. Reuss, the common ancestor in title, to J. Rene Waggenspack, from whom defendants deraign their title:
"It is agreed that there is excepted from this sale and not included herein a small part or parcel of land located about the center of said Elise Plantation and having a frontage of 165 feet on the Public Road and the Mississippi River by the same width across the rear and having a depth of 800 feet, together with the buildings standing thereon, all of said portion being known as the School Grounds, and being presently used for school purposes."
It has long been settled that a conveyance of property fronting on a river conveys not only the property but also the riparian rights belonging thereto. Morgan v. Livingston, 6 Mart.(O.S.) 19 (1819). A reservation of property fronting on a river, therefore, results in a reservation of the riparian rights. We are of the opinion that George B. Reuss retained the tract of land on which the Elise Memorial School was situated, described as being 165 feet by 800 feet, together with whatever batture land may have been situated between it and the river.
When Mr. Reuss died, the property was omitted from the original judgment in his succession. When Mrs. Reuss died, the reference to frontage on the Mississippi River was omitted from the description of the property contained in the judgment in her succession. The judgment in Mr. Reuss's succession was subsequently corrected to include the property. However, regardless of these inconsistencies, their heirs, three daughters, inherited by operation of law whatever interest in the property their parents may have had, which, as pointed out above, included the batture and riparian rights. Article 940 et seq. Civil Code, Article 3062, Code of Civil Procedure.
The heirs then sold the property to John R. Hayward under the following description:
"A small part or parcel of land located about the center of Elise Plantation, in the 1st Ward of Ascension Parish, Louisiana, and having a frontage of 2.46¼ chains on the Public Road and the Mississippi River by the same width across the rear and having a depth of 12.70 Chains B. P. L. together with all the buildings and improvements thereon and thereunto belonging, as well as all the rights, ways, servitudes and appurtenances appertaining and thereunto belonging. The said tract of land being more specially shown by reference to the annexed copy of map by J. Fd. Fernandez, of date May 15th, 1924, whereon said tract commences at a certain Grate Bar lettered "A" thence S. 46 degrees E, 2.46¼ Chains to "B" thence S. 42 degrees 30 minutes W., 12.70 Chains to C thence S. 46 degrees E, 2.46¼ Chains to D thence back S. 42 degrees 30 minutes W. 12.70 Chains to A, point of beginning. The said portion or parcel of land being known as the school Grounds, or the Elise Memorial School. *641 Being a portion of the same property acquired by the late George B. Reuss by purchase on March 6, 1893 from the Home Plantation Mfg. Co. Ltd., by act of sale recorded in C. O. B. 36 folio 211-35 et seq. of Ascension Parish, Louisiana. Being the same property acquired by vendors under a judgment placing the heirs in possession to the Succession of Mrs. Bertha E. Spor, widow of George B. Reuss, No. 247114 of the Civil District Court, Division "C" Docket, Orleans Parish, recorded in C. O. B. 80 at page 390, Ascension Parish, Louisiana. See also C. O. B. 77 folio 540 Ascension Parish, Louisiana."
The Fernandez plat, a copy of which is attached to the deed, depicts the tract as fronting on the public road. Defendants claim that plaintiffs' title is limited to the property delineated by the plat, citing Isacks v. Deutsch, 114 So.2d 746 (La.App. 1 Cir. 1959).
On the plat, the following legend is found:
"This certifies at the request of Mr. George B. Reuss I have surveyed the lot of the `Elise School' in the 1st Ward, and having from my field note accurately and correctly compiled the above map. Donaldsonville, La., May 15, A.D. 1924, J. Fd. Fernandez, Surveyor."
Defendants claim that the fact that the plat is referred to in the deed to John R. Hayward, and attached thereto, has the effect of an acknowledgment that neither Reuss nor his heirs ever intended that the batture and riparian rights be included in the original reservation.
We cannot agree with this contention. The map admittedly portrays the Elise School lot, but was made long after the reservation was made by Reuss and long before the sale to John R. Hayward. It has no bearing on the legal effect of the reservation made by Mr. Reuss.
Defendants further claim that the annexation of the plat to the deed to John R. Hayward has the effect of limiting the property transferred to him to the school lot alone, and excludes the batture therefrom.
If this contention is correct, plaintiffs would have acquired no title to the batture in the deed from John R. Hayward, since he would have none to transfer. Title to the disputed tract would remain in the names of the three daughters and sole heirs of Mr. and Mrs. Reuss, one of whom is Mrs. Hayward, a plaintiff herein.
Isacks v. Deutsch, supra, holds that if there is a conflict between the written description in a deed and the map or plat attached thereto, the map will prevail over the written description. In this case, the written description calls for the property to front on the river, while the plat shows it to front on the public road. Under the above rule, which is well settled, the deed to John R. Hayward transferred only the property delineated on the plat, which is bounded by the public road.
Plaintiff, Mrs. Hayward, therefore owns only an undivided one-third interest in the property, and her husband is without interest therein. Her two sisters, the other co-owners, are not parties hereto. However, no formal exception of non-joinder has been filed, and we believe them to be necessary rather than indispensable parties hereto. Articles 641, 642, 643, and 926, Code of Civil Procedure. Mrs. Hayward's recovery is, of course, limited to her virile share, or one-third, of the total damages.
Since we have determined that Mrs. Hayward has a valid record title to an undivided one-third interest in the subject property, we must now examine the title of defendant, who claims under J. Rene Waggenspack. We find that the reservation of the school grounds is recognized throughout their chain of title, although without mention of the batture or the river frontage. Their property is further described as being the same property acquired by Waggenspack from Reuss. *642 Since we have already found that Reuss's reservation included the batture and riparian rights, defendants' title cannot include same, since it can be no better than that of Waggenspack. Neither can defendants be possessors in legal good faith, since the acts under which they hold are not sufficient to transfer title to the property. Article 503, Civil Code. Since they do not hold under a title translative of property, they cannot acquire property by the prescription of ten years, acquirendi causa. Article 3478, Civil Code.
The evidence in the case reveals that defendants have been in possession of the property for twenty-eight years, as of the date suit was filed. This period of time is insufficient to satisfy the requirements of the prescription of thirty years, acquirendi causa. Article 3499 et seq., Civil Code. We therefore find defendants to have no title to the disputed tract.
With references to the claims for damages, we note that the last timber was cut from the batture in 1962, several years before this suit was instituted. As to this part of the claim, defendants' exception of prescription of one year is good, and no recovery can be allowed. Articles 3536, 3537, Civil Code; National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234 (1925).
However, since we have found defendants to be in legal bad faith, they are liable for rent for the use of the land for grazing purposes. Harang v. Gheens Realty Co., 155 La. 68, 98 So. 760 (1924). This is a claim founded on quasi-contract, which prescribed in ten years. In re Union Cent. Life Ins. Co., 208 La. 253, 23 So.2d 63 (1945). Since defendants filed a plea of prescription, plaintiffs can only recover for ten years rent.
The evidence offered in support of the claim is testimony on behalf of plaintiffs that the grazing rights are worth $20.00 to $30.00 per year. Testimony on behalf of defendants is that grazing rights are worth $3.00 to $4.00 per year. No effort was made to show what the area of the batture might be. From a plat filed in the record by defendants, we note that the batture is approximately 1200 feet deep beginning at the foot of the levee, and is divided by a borrow pit some 189 feet wide. There could be no more than four acres of usable land therein. The testimony reveals that it is entirely unimproved, and is covered with willow trees and scrub brush. Under those circumstances, we believe that defendants' testimony relative to the value of the grazing rights thereon is more nearly correct. Considering all of the above, we conclude that an award of $40.00 will amply compensate plaintiff for her virile share of the value of the grazing rights.
The judgment appealed from is reversed, and there will be judgment herein in favor of plaintiff Mrs. William C. Hayward, and against defendants in the full sum of $40.00, together with legal interest from date of judicial demand until paid. There will be further judgment herein in favor of defendants and against plaintiff Mr. William C. Hayward, dismissing his suit. All costs of this suit are to be borne by defendants.
Reversed and rendered.