CHEHARDY, Judge.
Plaintiffs, Bernadette Marie Poche, wife of/and Romain Octave Tregre, and Armand Seioneaux, Sr., appeal a district court decision in favor of defendants, George A. Lass-eigne, Jr.; Doris Lasseigne Carville; Fer-nand J. Aycock, Jr.;[1] Teresa Aycock Mad-ere;[2] Joseph Junius Ory; and Bernice Ory Fulton, declaring that at the time of the sale of certain tracts of land by defendants to the plaintiffs, such sales did not include title to the subject batture in this suit and also stating, therefore, the plaintiffs were incapable of executing a lease on the bat-ture property.
The court further found that the batture in question and the gradual accumulation of river sand was a reality of sufficient elevation, susceptible to private ownership prior to any sale by the Lasseigne interests to any party in the 1930s. It also decreed that each party should pay his own costs.
The record reveals that one of the lots involved in this appeal was sold by Lass-eigne to Emanual Poche in 1932, and later that same year this lot was sold by Poche to Romain Tregre, one of the plaintiffs in this matter. The property descriptions in both sales were exactly the same and stated that the lot was bound on the front by the New Public Road.
Another of the subject lots in this case, and also one involved in this appeal, was sold in 1938, and the act of transfer recited that it was bound in the front or south by Jefferson Highway. None of the descriptions in the sales contained any allusion at all to the batture in question which runs along the river bank and which is located on the opposite side of Jefferson Highway from that where the subject lots are located. Said another way, Jefferson Highway, which replaces the public road at some point, and the New Public Road run in between the subject lots and the subject batture separating these entities.
In view of the property descriptions in the acts of sale, which were part of the record in this matter, this court must agree with the district court that the sales of these tracts of land from Lasseigne did not include any lands located south of Jefferson Highway or the New Public Road, which are the southern boundaries of the tracts of land involved in this appeal.
Plaintiffs, however, also base their claim to the subject batture on prescription. LSA-C.C. art. 3479 states that in order to acquire the ownership of immovables by operation of a ten-year prescriptive period, one of the requirements is a title which shall be legal and sufficient to transfer the property. Since we find the plaintiffs did not have legal and transferable title to the batture in question, the benefits of ten-year acquisitive prescription cannot operate in their favor.
LSA-C.C. art. 3499, however, establishes that the ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith. LSA-C.C. art. 3500 further provides that the possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner. LSA-C.C. art. 456 also states that the banks of the navigable rivers or streams are private things that are subject to public use.
In Lasseigne v. Clement, 311 So.2d 600 (La.App. 4th Cir. 1975), this explanation of thirty-year prescription is found at 603:
“Thirty year acquisitive prescription requires intent to possess as owner and not under some other tenure, such as a tenant. In addition there must be possession which is adverse to the true owner, and such possession must be continuous, unin *220 terrupted, public and unequivocal. Actual corporal possession is necessary to commence the running of prescription, and thirty years acquisitive prescription requires external and public signs to keep possession running. The burden of proof is on the person claiming thirty years prescription to show when his possession began and that it continued as owner and adverse to the actual owner for the required thirty year period.”
In addition, it was established in Cooper v. Conagra, Inc., 340 So.2d 661 (La.App.2d Cir. 1976), that the grazing of cattle on a tract of land which is enclosed by properly maintained fences may form the basis of acquisitive prescription of thirty years, but in that ease the grazing of cattle on the property which was never enclosed by, a fence maintained by him was not considered sufficient possession.
Testimony was given in the present case in regard to the plaintiffs’ possession as owners by Armand Scioneaux, Sr., one of the original purchasers of the property from Lasseigne, and whose deposition was taken for the purpose of perpetuating testimony. He testified he could not read the deed to the subject property when he signed it. He said he had lived there since the purchase of the property and he used the batture for grazing his cattle and horse. He also stated he had not erected a fence on the batture but had placed iron pipes on the New Orleans and Baton Rouge sides, starting back almost to the river, in 1957.
Scioneaux also stated he had sold sand off the subject batture in 1957 and Lass-eigne never objected. He said he had executed oil leases on the whole of his property around the year 1946 and again in 1950. He also admitted that Lasseigne could read and write and was a “smart man.”
Mrs. Romain Tregre also testified that she had stayed on her property for thirty-nine years and that the batture was used by her family as a playground, as well as for fishing and swimming. She stated she also sold sand from the property and was never asked not to do it. She said that although some of the landowners used the batture for grazing cattle, she did not.
Mrs. Willard Hymel, Scioneaux’s daughter, testified there was always a fence on the batture of their property until some recent construction was begun. She stated the fence was used for keeping cattle for a time, and she also said her father sold sand from the batture for a good many years.
Armand Scioneaux, Jr., testified the section of batture adjacent to his father’s property had been fenced up until at least two or three years prior to trial and that his father could not allow the children to go beyond the fences on to other sections of the batture.
Ann Richards, Scioneaux’s daughter, testified there were fences on what they considered their part of the batture from the time she was a small child until 1974 or 1975, when they were torn down by the present construction.
This court must agree with the trial court judge that the plaintiffs did not succeed in establishing their possession of the subject batture was continuous, uninterrupted, public and unequivocal for a period of thirty years. Although it is obvious the plaintiffs believed they owned the subject batture, Scioneaux admitted to not having fenced what he considered his portion of the bat-ture until approximately 1957. Sections of the batture were also used for recreational purposes by those with adjacent properties, but we cannot hold these activities could reasonably be construed as adverse to the true owner. Though the selling of sand from the batture could certainly be looked upon as adverse to the true owner, it is evident from the testimony that this activity did not begin until the 1950s.
Because this court holds that the plaintiffs have not prevailed on the merits of this case, it is not necessary for us to decide the procedural issue concerning plaintiffs’ attempt to join a petitory, and possessory action.
Additionally, this court must also agree with the district court that all testimony tends to show that at the times of the *221 sales of these tracts of land, in the 1930s, the batture in question was of sufficient elevation to be susceptible of private ownership. Such an alluvion does not pass with the riparian land unless it is expressly stated in the act of sale. Tassin v. Rhynes, 366 So.2d 580 (La.App.3d Cir. 1978).
For the reasons assigned, the district court decision is affirmed.
AFFIRMED.

. Named in the judgment as Ferdinand J. Ay-cock, Jr.

. Named in the judgment as Theresa Aycock Madere.