453 So.2d 645 (1984)
Charles Francis BARBERA
v.
MIDWAY LAND COMPANY, INC., et al.
No. 83-CA-736.
Court of Appeal of Louisiana, Fifth Circuit.
June 29, 1984.
Rehearing Denied September 17, 1984.
*646 Steven F. Griffith, Sr., Destrehan, and Joseph V. Bologna, New Orleans, for Charles Francis Barbera, plaintiff-appellant.
Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, and Leon C. Vial, III, Hahnville, for Midway Land Company Inc., et al. defendants-appellees.
Before BOUTALL, BOWES and GAUDIN, JJ.
BOUTALL, Judge.
This is a petitory action involving ownership of certain batture land on the Mississippi River in St. Charles Parish. From a judgment in favor of the defendants, the plaintiff appeals.
Charles Francis Barbera ("Charles") seeks to be declared the rightful owner of batture land that he alleges formed part of a larger tract that his late father, Charles Barbera ("Barbera"), owned as his separate property. The plaintiff claims to have inherited the batture in his father's succession. The defendants, presently in possession, are Midway Land Company, Inc. ("Midway"), CharlesTowne Homeowners Association, Inc. ("CharlesTowne"), Point Landing, Inc., Donald Wood, Glenn Douglas Wood, American River Transportation Company, and Archer, Daniels, Midland Company. Midway and CharlesTowne are transferees of the original tract. Donald Wood and Glenn Douglas Wood are principal shareholders of Midway and Point Landing (a lessee), which companies merged into Wood Resources Corporation after the suit was filed. The other two defendants are lessees of Midway (Wood Resources Corporation).
In 1917 Charles Barbera purchased a large tract of land situated on Almedia Plantation from Robert Frank Foy. Barbera sold the tract to Myown Farms, Inc. in 1941. In 1972 a subsequent owner, United Acceptance Corporation, donated a portion of the tract to CharlesTowne for a "Common Area." Midway purchased the remainder of the tract in 1976. Sometime after 1941 and before 1972, Barbera had died and his succession had been opened. On August 13, 1979, a supplemental and amended judgment of possession was signed. That judgment recognizes Charles as the sole heir of his father's one half of the community and of all his separate property, including that portion of the Almedia tract that lies between the Jefferson Highway and the Mississippi River.
*647 The plaintiff alleges that the tract his father acquired from Robert Frank Foy in 1917 extended to the river and included the batture. He contends that the sale from Barbera to Myown Farms did not include the batture, that the batture was not transferred in subsequent sales, that he inherited the land from his father, and that the defendants and their lessees are trespassers.
Charles filed a petitory action on March 12, 1980. A motion for summary judgment was filed by the defendants on the ground that the boundary of the land acquired by Barbera in 1917 was the public road, not the river; however, that motion was denied. After a trial of the merits, judgment was rendered on August 12, 1983, declaring that Charles Francis Barbera is not the owner of the land in question; further, that the 1941 purchaser, Myown Farms, Inc., and its successors and assigns, are not the owners but the court will not disturb their possession of the land. In his reasons for judgment the trial judge stated that the land was not included in maps referred to in the act transferring the original tract to Barbera; and where there is a discrepancy between the map and the property description the map controls. As Barbera had never owned the batture, Charles had not inherited it nor did Myown Farms purchase it from Barbera.
The issues before us are, first, whether the common ancestor held title to the batture land and, second, if so whether any rights to title were transmitted to the defendants.
The Civil Code articles governing ownership of an immovable, as amended in 1979, provide:
"Art. 531. Proof of ownership of immovable.
One who claims the ownership of an immovable against another in possession must prove that he has acquired ownership from a previous owner or by acquisitive prescription. If neither party is in possession, he need only prove a better title."
"Art. 532. Common author
When the titles of the parties are traced to a common author, he is presumed to be the previous owner."
Proof of title to an immovable in a petitory action is set out in La.C.C.P. art. 3653, as amended in 1981, as follows:
"To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.
When the titles of the parties are traced to a common author, he is presumed to be the previous owner."
Under the facts of this case, where it is undisputed that the titles of both parties are traced to a common owner, Barbera, and the defendant is in possession, the burden of proof is on the plaintiff to prove his title back to the common owner. Weaver v. Hailey, 416 So.2d 311 (La.App. 3d Cir. 1982); Comment, 55 Tul.L.Rev. 192 (1980). Accordingly, we must first determine whether the court was correct in finding that the Foy to Barbera sale of 1917 failed to transfer the batture land to Barbera.
Louisiana jurisprudence regarding land at the water's edge dates back to the nineteenth century and involves property transfers taking place as early as the eighteenth century. The early cases held that where an estate is bounded by the Mississippi River or is described as fronting on the river then it is understood to include the rights to any alluvion that may form, at the same time being subject to any diminution from erosion of the banks. Morgan v. Livingston, et al, 6 Mart. (O.S.) 19 (La.1819), and cases cited therein. Morgan was followed in LaBranche's Heirs v. Montegut, 47 La.Ann. 677, 17 So. 247 (1895) and Meyers v. Mathis, 42 La.Ann. 471, 7 So. 605 (1890). See also Hayward v. *648 Noel, 225 So.2d 638 (La.App. 1st Cir.1969). The right to accretion is an accessory of the riparian estate. However, once alluvial soil has so built up along the water's edge as to appear above the water at its ordinary stage, the resulting land or batture becomes susceptible of ownership separate from the riparian estate. Maginnis Land & Improvement Co. v. Marcello, 168 La. 997, 123 So. 653 (1929); State v. Richardson, 140 La. 329, 72 So. 984 (1916). If the batture has so formed at the time of sale of property belonging to a riparian estate, it must be specifically mentioned in the act to be transferred to the new owner. Ferriere v. City of New Orleans, 35 La.Ann. 209 (La.1883); Cambre v. Kohn, 8 Mart (N.S.) 572 (La.1830); Tassin v. Rhynes, 366 So.2d 580 (La.App. 3rd Cir.1978), writs refused 368 So.2d 123 (La.1978); Tregre v. Lasseigne, 413 So.2d 218 (La.App. 4th Cir.1982).
The property description in the 1917 act of sale between Foy and Barbera reads as follows:
"A CERTAIN LOT OF GROUND, together with all the improvements thereon, and all the rights, ways, servitudes, privileges and advantages thereunto belonging or in anywise appertaining and together with all the batture, accretion, accession and riparian rights, forming part of the ALMEDIA PLANTATION, situate in the Parish of St. Charles, in this State, composing part of the originla (sic) lots Numbers Sixteen (16) and Seventeen (17) on a map of certain surveys made on May 16th., June 6th., and December 2nd., 1911, by J.W.T. Stephens, Civil Engineer; and designated as Lot Number TWO (2) according to a sketch of Survey made by S.J. Achie, Jr., Surveyor, June 20th., 1917, annexed to and made part of an act of sale passed before the undersigned Clerk of Court and Ex-Officio Notary Public, this day, being a sale by the Vendor herein to Joseph Barbera; said lot is bounded by the Mississippi River, on the upper line by land this day sold to Joseph Barbera, on the lower line by land this day sold to Angelo Palmisano, and measuring Two hundred and thirty-four (234) feet front on the Mississippi River and running back between opening lines to the Yazoo & Mississippi Valley R.R. Right of Way with a front on said right of way, of Two hundred and sixty (260) feet, and contains 18.935 Acres.
"Being a portion of the same property which was acquired by said Vendor by purchase from Dunbar G. Laplace, by an act passed before Thomas E. Furlow, a Notary Public in and for the Parish of Orleans, Louisiana, on the 29th., day of March, 1915; said act being duly registered in the Conveyance Office of the Parish of St. Charles, Louisiana, in Conveyance Book "S" at folio 194 et seq." [Emphasis supplied.]
Clearly the property description conveys the batture and riparian rights to Barbera. However, the appellees urge that the boundary on the map is the road, and it matters not whether the property description includes the batture. Where there is a conflict between the map and the written description, the map controls. Maginnis Land & Improvement Co. v. Marcello, supra; Isacks v. Deutsch, 114 So.2d 746, (La. App. 1st Cir.1959).
The appellant argues that the sale transferred not only the lot as shown on the plan but also the batture along with the lot. He bases his claim on the property description in the 1917 sale, quoted above, which stated that the land was bounded by the Mississippi River and included "all the batture, accretion, accession and riparian rights." He urges that the map drawn in 1911 and the plan drawn from it in 1917 which is part of the act of sale, are in agreement with the description. Moreover, the fact that the property description in the 1941 sale, Barbera to Myown Farms, does not mention the river and batture while the map and description both clearly mark the boundary as Jefferson Highway is proof that the batture land remained in his father's hands.
We believe that the appellant is correct and that the sketch of the survey made by S.J. Achee, Jr., on June 20, 1917, *649 annexed to the act, and the earlier map of surveys made in 1911 by J.W.T. Stephens are consistent with the transfer of the tract of land, or lot, together with the batture attached. The presence of a road and levee between an estate and the river's edge does not destroy the owner's right to the batture. Morgan v. Livingston, supra; Meyers v. Mathis, supra; Succession of Delachaise v. Maginnis, 44 La.Ann. 1043, 11 So. 715 (1892). According to the surveys, the batture in our own case was sufficiently visible at the time of sale to be susceptible of ownership separate from the riparian estate under the jurisprudence cited above; therefore, if the 1917 property description had not specifically referred to the batture and riparian rights, the batture would not have been included in the transfer to Barbera.
We consider now whether Barbera transferred any rights to the batture land to Myown Farms in 1941, which subsequently transferred to the defendants. The description and survey on which that sale was based clearly restrict the land sold to the plot between the northerly right of way line of the Jefferson Highway and the right of way of the Yazoo and Mississippi Valley Rail road. The description refers specifically to four corners marked by iron pipes which are designated on the map as "A", "B", "C", and "D", and is in accordance with Landry's 1941 plan annexed. There is no mention of a transfer of batture or riparian rights. The property description reads as follows:
"That portion of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of St. Charles, State of Louisiana, forming part of Almedia Plantation, in Section 40, Township 12 South, Range 9 East, east of the Mississippi River, comprising part of original Lots 16 and 17 on surveys made by J.W.T. Stephens, C.E., on May 16, June 6 and December 2, 1911, and designated as Lot 2 on a plat of survey by S.J. Achee, Jr., surveyor, dated June 20, 1917. According to a plat of survey made by H.E. Landry, C.E. & S., dated September 11, 1941, annexed hereto for reference, said portion of ground is also designated as Lot 2 and measures 264.6 feet front on the northerly right of way line of the Jefferson Highway and extending in depth between its westerly side line, bearing North 17 degrees 44 minutes West for a distance of 3509 feet, and its easterly side line, bearing North 17 degrees 18 minutes West, a distance of 3424.2 feet to the south right of way line of the Y & M.V.R.R. where it measures 263.1 feet; all four corners being witnessed by a 2 inch galvanized iron pipe marked A, B, C and D on said plat, and enclosing 19.68 acres, more or less, bounded on the north by the right of way of the Y. & M.V.R.R., on the south by Jefferson Highway, on the east by Lot 3, property of Angelo `Palmasana' and on the west by Lot 1, property of Joseph Barbera.
"Being the same property acquired by Charles Barbera from Robert Frank Foy, act dated June 29, 1917, passed before C.W. Rossner, N.P., registered in C.O.B. T, folio 175, on July 2, 1917." [Emphasis supplied.]
We hold that Charles Francis Barbera has carried his burden of proof of ownership of the batture land in dispute, having acquired through his father, Charles Barbera, by action of law as heir to his father's separate property. Midway (Wood Resources Corporation) and CharlesTowne do not hold title to the batture as successors in title to Barbera's vendee, Myown Farms, as Barbera was never divested of the batture.
Accordingly, we set aside and reverse that portion of the judgment declaring that Charles Francis Barbera is not the owner of the land comprising the public road, levee, and batture fronting Lot 2, part of Almedia Plantation, as per sketch by S.J. Achee, Jr. dated June 20, 1917 and annexed to and made part of an act of sale by Robert Frank Foy to Joseph Barbera on *650 June 29, 1917, and we render judgment in favor of Charles Francis Barbera and against defendants decreeing Charles Francis Barbera to be the owner of the following described property:
"A CERTAIN LOT OF GROUND, together with all the improvements thereon, all the rights, ways, servitudes, privileges and advantages thereunto belonging or in anywise appertaining and together with all the batture, accretion, accession and riparian rights forming part of the ALMEDIA PLANTATION, situated in the Parish of St. Charles, in this State, composing part of the original LOTS NOS. 16 and 17 on a map of certain surveys made on May 16, June 6, and December 2, 1911, by J.W.T. Stevens C.E., and designated as LOT NO. 2 according to a sketch of survey made by S.J. Achie, Jr., Surveyor, June 20, 1917, annexed to and made part of an act of sale passed before Charles William Rossner, Clerk of Court, ex-officio Notary Public, on the 29th day of June 1917, being a sale by Robert Frank Foy to Joseph Barbera; said Lot is bounded by the Mississippi River, on the upperline by the land sold on June 29, 1917 to Joseph Barbera and on the lowerline by land sold to Angelo Palmasano on June 29, 1917, and measuring Two hundred thirty four feet (234') front on the Mississippi River and running back between opening lines to the Yazoo and Mississippi Valley Railroad right of way with a front on said right of way of Two Hundred Sixty feet (260') and contains 18.935 acres.
"Less and except
"That portion of ground together with all the buildings and improvements thereon, all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining situated in the Parish of St. Charles, State of Louisiana forming part of the ALMEDIA PLANTATION, in Section 40, township 12 south, range 9 east, East of the Mississippi River comprising part of the original LOTS 16 and 17, on surveys made by J.W.T. Stephens, C.E., on May 16, June 6, and December 2, 1911, and designated as LOT 2 on a plat of survey by S.J. Achie, Jr., Surveyor, dated June 20, 1917. According to a plat of survey made by H.E. Landry, C.E. & S., dated September 11, 1941, annexed to act before Dufour Bayle, NP., on October 6, 1941, said portion of ground is also designated as LOT NO. 2 and measures 264.6 feet front on the northerly right of way line of the Jefferson Highway and extending in depth between its westerly sideline, bearing north 17° 44 minutes west, for a distance of three thousand five hundred nine feet (3509') and its easterly sideline, bearing north seventeen degrees (17°) eighteen minutes west, a distance of 3424.2 feet to the south right of way line of the Y. & M.V.R.R., where it measures 263.1 feet; all four corners being witnessed by a two inch galvanized iron pipe marked A, B, C and D, on said plat, and enclosing 19.68 acres more or less, bounded on the north by the right of way of the Y. & M.V.R.R., on the south by Jefferson Highway, on the east by Lot 3, property of Angelo Palmasano, and on the west by Lot 1, the property of Joseph Barbera. Being the same property sold by Charles Barbera in a sale dated October 6, 1941, before Dufour Bayle, NP., for the Parish of Orleans, and recorded in COB SS, Folio 267, et seq."
We affirm that portion of the judgment declaring that Myown Farms, Inc., its successors and assigns are not the owners of said land.
We set aside and reverse that portion of the judgment declaring that the possession of the aforesaid land by Myown Farms, Inc., its successors and assigns will not be disturbed, and remand for further proceedings consistent with this judgment.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.