LeBLANC, Judge.
This is an appeal in a petitory action from a judgment granting the defendants’ motion for summary judgment on the basis of acquisitive prescription.
FACTS
On August 8, 1985, plaintiffs, Riverlands Fleeting Corporation, Mai Frances Doles, Trustee of the Edith S. Herlitz Trust, Benjamin R. Badley, Jr., Lorraine Badley Rush and Crutcher-Tufts Corporation, filed suit against defendants, Milliken & Farwell, Inc., Lynne Hecht Farwell, F. Evans Farwell, Stella Farwell Leonard, George L. Leonard, Lynne Farwell White, H. Hunter White, Jr., Martha Farwell Levert and Chevron, U.S.A., Inc., claiming ownership of parts of Sections 61 and 62, Township 6 South, Range 1 West, and Sections 37 and 38 of Township 6 South, Range 2 West. In response, defendants filed a peremptory exception of ten and thirty year acquisitive prescription. Defendants later filed a motion for summary judgment based on their exception of acquisitive prescription. With respect to this motion, the parties stipulated to the trial court’s use of depositions and affidavits previously submitted in the case of River Lands Fleeting v. Ashland Plantation, 498 So.2d 38 (La.App. 1st Cir. 1986), writ denied, 502 So.2d 565 (1987), (a petitory action involving property adjacent to that of defendants). Additional affidavits and depositions were also submitted. After considering all the evidence, the trial court rendered judgment granting defendants’ motion for summary judgment. Plaintiffs have now perfected the instant appeal. Defendants filed an answer to the appeal requesting an award of attorney’s fees.
The property in dispute is the batture located in front of Smithfield and Clarkland Plantations in West Baton Rouge Parish. Defendants first acquired title to these *514 plantations, which are each bordered on the east by the Mississippi River, by an act of sale from Smithfield Plantation, Inc. dated March 28, 1935.[1] This act of sale included a provision specifically providing that the sale included all of the batture in front of the property. The portions of the plantations west of the levee are commonly known as the “uplands”. The property claimed by plaintiffs is the batture located east of the levee. This property is part of an alluvial formation known as Solitude Point, which has gradually and imperceptibly built up through sedimentary deposits of the river.
ISSUES
The following issues were raised in plaintiffs’ brief.
1. Does possession of a riparian estate with well-defined boundaries constructively extend to land formed adjacent to that estate by accretion, even before the boundaries of the alluvion are established by judicial decree or otherwise?
2. Are there disputed material facts in the record that preclude defendants from obtaining a summary judgment on their exceptions of ten and thirty year acquisitive prescription?
The only issue raised in defendants’ answer to this appeal is their entitlement to an award of attorney’s fees.
ISSUE ONE
Plaintiffs argue that the trial court erred in concluding that defendants had established constructive possession of the property in dispute for a period in excess of ten years.
Louisiana Civil Code article 3426 provides that “One who possesses a part of an immovable by virtue of a title is deemed to have constructive possession within the limits of his title.” It is undisputed that defendants have exercised corporeal possession of the uplands as good faith owners under just title for a period in excess of ten years. However, plaintiffs argue that defendants’ possession of the uplands cannot be constructively extended to the batture for any period prior to 1978, because it was only in that year that Solitude Point was allocated between the various riparian owners and the exact boundaries of each owner’s property were established in Oliver v. Milliken & Farwell, Inc., 361 So.2d 1248 (La.App. 1st Cir.), writ denied, 363 So.2d 68 (1978).
This argument was previously considered by this court in River Lands v. Ashland and found to be without merit for the following reasons:
As the property in controversy is alluvian [sic], it follows that possession of the “uplands” extends by operation of law to include such batture or alluvian [sic] in the absence of actual physical adverse possession of the batture by someone else. See La.Civ.Code arts. 509-512, 516-18 (presently, La.Code art. 499-505). The operation of law dedicates the alluvian [sic] to the riparian owner, and adjudication determines the proportionate share of the river deposits to the owners. See Oliver v. Milliken & Farwell, Inc., 290 So.2d 738 (La.App. 1st Cir.1974). It is the civil code that determines ownership to such land formation, not a judicial decree nor a property description. It was not necessary that the title description expressly include ownership to Solitude Point since ownership was conveyed by operation of law....
River Lands next contends that Ashland never acquired just title to Solitude Point due to a lack of detailed description in the deed. River Lands’ reliance on Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974) and Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225 (1947) is ill-founded for their allegation. Both cases dealt with litigants who physically possessed the same area of land. Further, both cases focused on the lack of a proper description that created an imprecise determination of the deeded *515 property. In this litigation, River Lands offered no allegation nor proof of their actual possession of Solitude Point. ... Solitude Point’s geological nature, a successive yet imperceptible formation, prohibits an exact and precise location of the property’s eastern boundary. Its river boundary was not yet determined until this court upheld the trial court’s decision in Oliver v. Milliken & Farwell, Inc., 361 So.2d 1248 (La.App. 1st Cir. 1978), writ denied 363 So.2d 68 (La. 1978). The lack of an eastern line due to the flow of the Mississippi River does not preclude just title.
The so-called title problems relate only to the exact dimensions of the batture belonging to the riparian or ‘uplands’ owner. These facts do not prevent the operation of constructive possession, La.Civ. Code art. 3437 (presently, La.Civ.Code art. 3426). Since alluvian [sic] ownership attaches to the property conveyed by operation of law, it need not be further described with particularity. Barbera v. Midway Land Company, Inc., 453 So.2d 645 (La.App. 5th Cir.1984); Hayward v. Noel, 225 So.2d 638 (La.App. 1st Cir. 1969). 498 So2d at 41-42.
For the above reasons, we reject plaintiffs’ argument in the instant case that defendants have not established constructive possession of the property at issue.
ISSUE TWO
Plaintiffs also argue the trial court erred in granting summary judgment in defendants’ favor because there were material facts in dispute. The facts alleged to be in dispute regard acts of adverse possession by third parties, which plaintiffs claim interrupted defendants’ acquisitive prescription.
This issue was also raised by plaintiffs in Ashland, in which several of the same depositions were used as in the present case. The alleged acts of adverse possession in this case were also of the same nature as those in Ashland. After a careful review of the evidence presented herein, we believe the rationale relied on in Ashland to dispose of this issue, is equally applicable to the present case.
River Lands relies on acts of cattle grazing, hunting, seismic operations, timber cutting, and crawfish netting by third parties as proof of adverse possession. The record indicates, however, that all persons who knew of such activities or who participated in them did not have the intent to own that land. La.Civ.Code arts 3436 and 3488 (presently, La.Civ. Code arts. 3424 and 3427, respectively) describe two attributes of possession: (1) the intent to possess as owner and (2) the presumption to intend to possess as owner. These acts were vacant of any evidence of a presumption or intent to own. ‘Possession is not interrupted when it is merely disturbed. Possession is interrupted when it is lost,’ Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La.1975) (J. Tate in his concurrence on the denial for rehearing). Ashland never lost its constructive possession of Solitude Point. The acts of third parties that allegedly constitute adverse possession were not done continuously and unequivocally, La.Civ.Code arts 3487 and 3500 (presently, La.Civ. Code arts 3436 and 3476, respectively). See also, James Harvey Ramsey Estate, Inc. v. Pace, 467 So.2d 1202 (La.App. 2nd Cir.1985); W.B. Norton v. Addie, 337 So.2d 432 (La.1976) at 42-43.
For the above reasons, plaintiffs’ argument is without merit.
ANSWER
In their answer to plaintiffs’ appeal, defendants request an award of attorney’s fees. It is well-established that an award of attorney’s fees may be made only when specifically provided for by statute or by contract between the parties. Orgeron v. Dobkowski, 476 So.2d 458 (La.App. 1st Cir. 1985). It is clear that no such contract existed between the parties in this case. Further, defendants have neither alleged, nor do we find, any statutory basis which would permit an award of attorney’s fees to them in the present case. Accordingly *516 we reject defendants’ request for attorney’s fees.
For the above reasons, the judgment of the trial court is affirmed. Appellants are to pay all costs.
AFFIRMED.

. Chevron, U.S.A. has no ownership interest in the property in question. Chevron is the mineral lessee of this property.